Thomas M. McInerney SBN 162055
tmm@ogletree.com
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA  94105
Telephone:    415.442.4810
Facsimile:    415.442.4870

Attorneys for Defendant
BERKELEY FARMS, LLC (erroneously sued
herein as BERKELEY FARMS INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON HENDRIX,<br><br>                   Plaintiff,<br><br>          v.<br><br>BERKELEY FARMS INC., AND DEAN FOODS INC., TEAMSTERS 853, and Does 1-100,<br><br>                   Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION**<br><br><br>Complaint Filed:  March 5, 2018<br>Trial Date:       None set |

33816137_1.docx

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE THAT defendant Berkeley Farms, LLC (erroneously sued herein as Berkeley Farms, Inc.) ("Berkeley Farms") hereby removes the above-captioned action from the Superior Court of the State of California for the County of Alameda to the United States District Court for the Northern District of California. This matter is a civil action of which this Court has original jurisdiction under 28 U.S.C. §§ 1331, and is one which may be removed to this Court by defendant Berkeley Farms pursuant to the provisions of 28 U.S.C. § 1441(a) and (c) in that it arises under 29 U.S.C. § 185(a), Section 301 of the Labor Management Relations Act ("section 301"). In support of this removal, Berkeley Farms states as follows:

**THE STATE COURT ACTION**

1.     On July 14, 2014, plaintiff Clinton Hendrix filed a civil action in the Superior Court of the State of California for the County of Alameda, entitled *Clinton Hendrix v. Berkeley Farms Inc. and Dean Foods Inc. and Does 1-100*, bearing Case No. HG14732618 ("*Hendrix I*"). On July 14, 2014, the agent for service of process for defendant Berkeley Farms was served with the Complaint and related documents. The Complaint in *Hendrix I* asserted three causes of action for: (1) Breach of Employment Contract; (2) Intentional Infliction of Emotional Distress ("IIED"); and, (3) Breach of the Covenant of Good Faith and Fair Dealing. All of plaintiff's causes of action were based on his allegations that defendants violated the collective bargaining agreement.

2.     On August 13, 2014, defendant Berkeley Farms filed a Notice of Removal of this Action to this Court and the action was assigned to the Honorable Vince Chhabria with Case No. 14-cv-03659. On August 20, 2014, defendant Berkeley Farms filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and based its motion on several grounds, including the fact his claims were preempted by section 301, that his claims were barred by his failure to exhaust contractual and administrative remedies, and his claims were barred by the applicable statutes of limitation. In addition, the motion asserted that Hendrix had failed to plead facts sufficient to support his IIED claim, and that this IIED claim was barred by the exclusivity of workers' compensation.

3.     On September 16, 2014, after Hendrix had failed to file a response by the initial

deadline of September 3, Judge Chhabria directed plaintiff to file his response within seven days. Hendrix did not.  Accordingly, at a hearing on September 25, 2014, at which Hendrix did not appear, his case was dismissed with prejudice.

4.     On January 26, 2016, Hendrix filed in this Court what he styled as a "Request to Reopen Case," raising claims that he suffered from medical conditions and raising accusations against a prior legal counsel.  On February 3, 2016, Judge Chhabria denied this motion in an order that provided that "[n]o further filings will be entertained in this closed case."  A true and correct copy of the Complaint and all related documents filed in *Hendrix I* are attached as "Ex. A" to this Notice of Removal ["Notice"].

5.     On February 13, 2018, Hendrix filed a second legal action in this Court, styled as *Teamsters 853, Clinton Hendrix v. Berkeley Farms Inc., Dean Foods*, United States District Court for the Northern District of California, Case No. 18-cv-00935 ("*Hendrix II*").  The Complaint and Summons in *Hendrix II* were never served on defendant Berkeley Farms.  *Hendrix II* alleged similar claims as *Hendrix I*, including for breach of contract and breach of the implied covenant of good faith and fair dealing.  *Hendrix II* was initially assigned to Magistrate Maria-Elena James.  As no one consented to the jurisdiction of the U.S. Magistrate Judge pursuant to 28 U.S.C. § 636(c), the matter was reassigned to the Honorable Haywood S. Gilliam, Jr. with a recommendation from Judge James that it be dismissed with prejudice.  This recommendation was based on several grounds, including the fact that no federal claims were stated, that no state law claims were stated, that no claims were asserted against Dean Foods, and *res judicata* from *Hendrix I*.  On March 9, 2018, Judge Gilliam adopted this recommended and dismissed this case without leave to amend.  A true and correct copy of the Complaint and all related documents filed in *Hendrix II* are attached as "Ex. B" to this Notice.

6.     On March 5, 2018, Hendrix filed his third lawsuit, this time in Alameda Superior Court, styled as *Clinton Hendrix v. Berkeley Farms, Inc., Dean Foods Inc., Teamster 853, and Does 1-100*, Alameda Superior Court Case No. RG18895498 ("*Hendrix III*").  In the *Hendrix III* complaint Hendrix raises the same claims as *Hendrix I* and *Hendrix II*, including breach of contract, breach of the implied covenant of good faith and fair dealing, and IIED.  He further

alleges facts indicating he was a member of a union and was subject to a collective bargaining agreement, but that his termination related to his operation of a forklift was in violation of this agreement. A true and correct copy of the Complaint and all related documents received by defendant Berkeley Farms in *Hendrix III* are attached as "Ex. C" to this Notice.

## THIS COURT HAS ORIGINAL JURISDICTION PURSUANT TO
## SECTION 301 OF THE LABOR MANAGEMENT RELATIONS ACT

7.     Plaintiff was member of the International Brotherhood of Teamsters Local Union 853 ("Union") and his employment was subject to the terms of the Union's collective bargaining agreement ("CBA") with Berkeley Farms. (*Hendrix III* Complaint, Exhibit C, ¶¶ 1-32). Plaintiff's state law claims are premised on the terms of that CBA and the alleged breach by defendants of the CBA.

8.     Section 301(a) of the Labor Management Relations Act ("LMRA") ("Section 301"), 29 U.S.C. § 185(a), vests jurisdiction over claims relating to breaches of collective bargaining agreements in federal courts, providing in pertinent part:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

9.     Section 301 has been interpreted and applied to compel preemption of state law claims to enforce collective bargaining agreements. *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968). Importantly, "[a]lthough the language of § 301 is limited to '[s]uits for violation of contracts,' the Supreme Court has expanded § 301 preemption to include cases the resolution of which 'is substantially dependent upon analysis of the terms of [a collective bargaining agreement.]'" *Navarro v. Servisair, LLC*, C 08-02716 MHP, 2008 WL 3842984 (N.D. Cal. Aug. 14, 2008), citing *Allis Chalmers v. Lueck,* 471 U.S. 202, 220 (1985). "[T]he preemptive force of § 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization." *Franchise Tax Board of California v. Construction Laborers Vacation Trust for S. Ca.*, 463 U.S. 1, 23 (1983).

3

10.     Removal is proper where federal law completely preempts and supplants state law. *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 64 (1987).  Section 301 completely preempts all state law actions that require the interpretation of a collective bargaining agreement, even if those actions are not characterized as § 301 actions.  *Stallcop v. Kaiser Foundation Hospitals,* 820 F.2d 1044, 1049 (9th Cir. 1987) (plaintiff's failure to mention collective bargaining agreement in complaint is not dispositive; court will investigate and find preemption if complaint actually raises a Section 301 claim); *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983) (when a state law claim actually arises under federal law, the court will re-characterize it accordingly to uphold removal).  Thus, "if a state law claim is completely preempted by a federal statute such as Section 30l, the state law cause of action necessarily becomes a federal one and can be removed."  *Milne Employee's Ass'n v. Sun Carriers*, 960 F.2d 1401, 1406 (9th Cir. 1991), *cert. denied*, 113 S.Ct. 2927 (1993).

11.     Plaintiff's breach of contract and breach of the covenant of good faith and fair dealing causes of action are based solely on the allegation that defendants violated the CBA.  Indeed, the complaint specifically quotes from the CBA and asserts that it was breached.  Accordingly, both of these claims necessarily involve interpretation of the terms of the CBA and are preempted by Section 301 of the LMRA.

12.     Plaintiff's emotional distress claim is also preempted by Section 301 because it stems from violation of the CBA.  The Ninth Circuit has held that because a plaintiff's "emotional distress claim arises out of her discharge and the defendant's conduct in the investigation leading up to it [. . ., a] determination of the validity of her emotional distress claim will require us to decide whether her discharge was justified under the terms of the collective bargaining agreement."  Therefore, the Court will have to interpret the CBA to decide the claim.  *Newberry v. Pacific Racing Ass'n.*, 854 F.2d 1142, 1149-50 (9th Cir. 1988) (emotional distress claim preempted by section 301); *see also Scott v. Machinists Automotive Trades Dist. Lodge No. 190*, 827 F.2d 589, 594 (9th Cir. 1987) (emotional distress claim preempted under section 301 when arising out of employee's discharge or conduct of employer in investigatory proceedings preceding discharge).  Plaintiff's emotional distress claim therefore cannot be decided without interpreting or analyzing

the terms of the agreement.

13.     As such, this action is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. §§ 1331, and is one that may be removed by Berkeley Farms pursuant to 28 U.S.C. § 1441(a) and (b).

14.     The Complaint and Summons in Hendrix III was served on defendant Berkeley Farms on or about March 21, 2018.  Berkeley Farms understands that the was served with the complaint and summons, although it also understands that defendant Dean Foods Company (erroneously sued as Dean Foods Inc.) was not served.  Although Dean Foods Company has not been served and, therefore, does not need to consent to this removal, it has indicated to the undersigned that it does so consent.  In addition, on April 19, 2018, an attorney representing the Union confirmed in a telephone call with the undersigned that the Union also consented to this removal.

## SUPPLEMENTAL JURISDICTION

15.     To the extent plaintiff's intentional infliction of emotional distress and breach of covenant of good faith and fair dealing claims are not completely preempted and are thus not removable to federal court, this Court may exercise supplemental jurisdiction over those claims. All of plaintiff's claims in the Complaint arise out of the plaintiff's grievances against defendants and arise out of the alleged termination of his employment.  Thus, these claims arise out of the same nucleus of operative facts.  Since this Court has jurisdiction over the federal claims related to this case or controversy, it also has supplemental jurisdiction over any state law claims which form a part of the same case or controversy.  28 U.S.C. § 1367(a).

## INTRADISTRICT ASSIGNMENT

16.     Pursuant to Local Rule 3-2(d), Removal and Intradistrict Assignment to the Oakland or San Francisco divisions of this Court is proper because the alleged acts and occurrences arose in the County of Alameda.  Defendant will be filing an administrative motion following removal indicating that this case is related to a prior action involving the same parties that was adjudged by the Honorable Vince Chhabria, and this motion will ask for assignment of this case to Judge Chhabria.

1    WHEREFORE, defendant Berkeley Farms, LLC hereby removes the above action to this

2    Court.

3    DATED:  April 20, 2018                    OGLETREE, DEAKINS, NASH, SMOAK &
                                               STEWART, P.C.
4

5                                       By:  */s/ Thomas M. McInerney*
                                            Thomas M. McInerney
6                                           Attorneys for Defendant
                                            BERKELEY FARMS, LLC (erroneously
7                                           sued herein as BERKELEY FARMS INC.

8                                                                          33816137.1

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit A

7/14/14
213-


*12740531*

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
**FILED**
**ALAMEDA COUNTY**

JUL 14 2014

CLERK OF THE SUPERIOR COURT
By_____
DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Berkley Farms, Inc., Dean Foods Inc and DOES 1-100
BERKELEY FARMS

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Clinton Hendrix

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | **CASE NUMBER:** *(Número del Caso):* |
|---|---|
| California Superior Court, Hayward Branch, 24405 Amador Street Hayward CA 94544 | HG14732618 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kjell C. Bomark-Noel, Esq., 11854 Dublin Blvd, Dublin  CA  94568

| DATE: *(Fecha)* JUL 14 2014 | LEAH T. WILSON EXECUTIVE OFFICER/CLERK | Clerk, by *(Secretaria)* _____ | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ALAMEDA

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Berkeley Farms, Inc.

under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 7/14/14

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
|---|---|---|



*12740531*

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Berkley Farms, Inc., Dean Foods Inc and DOES 1-100
BERKELEY FARMS

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Clinton Hendrix

ENDORSED
FILED
ALAMEDA COUNTY

JUL 14 2014

CLERK OF THE SUPERIOR COURT
By_____
DEPUTY

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>California Superior Court, Hayward Branch, 24405 Amador Street<br>Hayward CA 94544 | CASE NUMBER:<br>*(Número del Caso):*<br>HG14732618 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kjell C. Bomark-Noel, Esq., 11854 Dublin Blvd, Dublin CA 94568

| DATE:<br>*(Fecha)* JUL 14 2014 | LEAH T. WILSON<br>EXECUTIVE OFFICER/CLERK | Clerk, by<br>*(Secretaria)* _____ , Deputy<br>*(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Berkeley Farms, Inc.

   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | SUMMONS | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

1  Kjell C. Bomark-Noel; SBN 147494
   Law Offices of Bomark-Noel
2  11854 Dublin Blvd
   Dublin, CA 94568
3  510-325-6226

4  Attorney for Defendants

5

6

7

8                SUPERIOR COURTOF THE STATE OF CALIFORNIA

9                        COUNTY OF ALAMEDA

10                      Unlimited Jurisdiction

11 CLINTON HENDRIX                    Case No    HG14732618

12      Plaintiff
                                      Complaint for unlawful termination in
13                                    violation of contract, harassment and
                                      infliction of emotional distress
14           v
   BERKELEY FARMS INC
15 And DEAN FOODS INC.
   And Does 1-100
16
        Defendants
17

18                      RIGHT TO SUE LETTER

19 On November 5, 2013, The State of California, Department of Fair Employment &

20 Housing issued it's final Right to sue letter.  See attached **Exhibit A**. Which is a true and

21 correct copy of the Right to Sue Letter.

22 Comes now Plaintiff Clinton Hendrix hereinafter, Plaintiff, with a civil complaint against

23 Berkeley Farms. Berkeley Farms is a corporation doing business in the State of California

24 County of Alameda with address at 25500 Clawiter Rd, Hayward CA94545.  Dean Foods

25 Inc is Berkeley Farms parent company based on the paychecks received by Plaintiff in the

26 past. Herein after Berkeley Farms and Dean Foods Inc are combined as Defendants.

27 Therefore, venue is Alameda County Superior Court. The Does 1-100 are sued as

28 Complaint for unlawful termination
   in violation of contract, harassment and infliction of
   emotional distress

ENDORSED
FILED
ALAMEDA COUNTY

JUL 1 4 2014

CLERK OF THE SUPERIOR COURT
By:      ANGEL LOGAN
                        DEPUTY

1  fictional entities, and when and if true names of persons or corporations are discovered

2  those names will be substituted for the Does.

3                    FACTS COMMON TO ALL CAUSES OF ACTION

4  1.  Clinton Hendrix, hereinafter Plaintiff, had previously a grievance against Supervisor

5  Peter Cheung a supervisor with Berkeley Farms.  Plaintiff had previously filed two

6  grievances with the  Human Resources Manager at Berkeley Farms.  One grievance was

7  about an unsafe  forklift incident in where the forklift lost its counterweight, something

8  the plant manager and the safety-manager blamed in part on Plaintiff. Plaintiff had prior

9  to the incident always operated the forklift in a safe and efficient manner.  Plaintiff

10 maintains that management unjustifiably blamed Plaintiff on something that was out of

11 his control. The bolts holding the counterweight broke and caused Plaintiff to have a

12 moving accident.  The incident created in Plaintiff stress and anxiety.  Into this situation

13 and after Plaintiff was further harassed by Supervisor Chung, a severe anxiety developed

14 in Plaintiff.

15 2.  1) Plaintiff filed a grievance in writing in where he stated, that he was harassed by a

16 supervisors at Berkeley Farms.  One allegation was that Plaintiff operated a fork-lift in an

17 unsafe manner, something in which Plaintiff denies; and another statement by Plaintiff

18 was one of harassment against Supervisor Peter Cheung in which eventually forced

19 Plaintiff to resign under protest by calling over the phone in frustation and stating "I.

20 Quit".

21 3.  None of these written complaints of harassment were addressed by Berkeley Farms in

22 compliance with Article 26 of the  Corporation's  employment agreement to with "

23 Settlement of Disputes."  As part of the harassment Peter Cheung had lifted his arm in a

24 threatening manner such that Mr. Hendrix felt threatened by Mr. Cheung's demeanor,

25 posture and verbalization.

26 4.  The anxiety inflicted on Plaintiff by a  Berkeley Farms Supervisor's behavior over the

27 alleged forklift incident and over the threatening behavior by supervisor Cheung required

28 Complaint for unlawful termination
   in violation of contract, harassment and infliction of
   emotional distress                                        2

1  Mr. Hendrix to seek medical help and take Family Medical leave.

2  5.  In fact Berkeley Farm knew that Mr. Hendrix was in need of professional counseling

3  based on the anxiety caused by Peter Cheung and managements in their handling of the

4  forklift incident and harrassment.  See attached **Exhibit B** which is a true and correct

5  copy of a document received by Plaintiff prior to his termination.

6  6.  Berkeley Farms claims That Mr. Hendrix called and said "I quit".

7  7.  Nobody denies that Plaintiff showed up to work the very next day and clocked in as

8  normal and went to work.  In fact, he showed the whole world by his action that he had

9  not quit when he called in and stated "I quit" over the phone.  Plaintiff was clearly

10 venting his frustration, but by his act and actions, he clearly showed he had not quit by

11 clocking in and starting to work.

12 8.  Berkeley Farms never followed Article 26 of its "Settlement of Disputes", but merely

13 terminated Mr. Hendrix in a manner not consistent with its own employment agreement.

14                          First cause of Action

15                     (Breach of Employment Contract)

16 9. The allegations set forth in Paragraphs 1 through 9 are re-alleged and incorporated

17 herein by reference.

18 10  Stated in Article 26 of the "employment agreement" an employee can expect

19 grievances to be handled in a fair an equitable manner.

20                     ARTICLE 26, SETTLEMENT OF DISPUTES

21 11. "Section 1. Step 1 - All grievances of employees and disputes relating to the

22 application, and enforcement of this Agreement, shall be referred initially by the

23 employee and or shop steward to the employees' immediate supervisor or manager."

24 12, "Step 2 - if after five (5)business days the matter is not settled under the foregoing

25 procedure, the matter shall be referred in writing by the employee and or shop steward to

26 the Plant Manager, or Distribution Manager and the Human Resource Manager. The

27 written referral to Step 2 shall state the nature of the dispute and the remedy sought using

28 Complaint for unlawful termination
   in violation of contract, harassment and infliction of
   emotional distress                                3

1  the agreed upon form with copies served on the parties involved. Grievances filed under

2  Article 5 shall be filed at Step 2. The Union may be represented by any of its officers,

3  agents or other authorized persons, and the employer may be represented by its

4  management personnel or other persons. The Step 2 grievance meeting shall be held

5  within five (5) days of written notice of the referral, unless mutually agreed otherwise.

6  Every effort shall be made to resolve differences at this level. Within five (5) days after

7  the Step 2 grievance meeting the responding party shall serve the grieving party with a

8  written response to the grievance, and if denied, setting forth the reasons."

9  13. "Section 2. In the event grievances or disputes are not settled within five (5) days

10 under the foregoing procedure, the matter may be referred to a Board of Adjustment. All

11 such unresolved issues shall be in writing with copies to be served on the parties

12 involved. The Union may be represented by any of its officers, agents or other authorized

13 persons, and the Employer may be represented by its management personnel or other

14 authorized persons. Every effort shall be made to resolve differences at this level.

15 Section 3. The Board of Adjustment shall be composed of two (2) representatives of the

16 Company and two (2) representatives of the Union. No such representative shall be a

17 direct employee of the Company or of the Union involved in the dispute. A Chairman and

18 Secretary shall be designated from among the panel."

19 ///

20 14.    During the entire course of plaintiff's employment with defendants, there existed an

21 express and implied-in-fact employment contract between plaintiff and defendants that, at

22 the time of plaintiff's discharge, included but was not limited to, the following terms and

23 conditions:

24 A. Plaintiff would be able to continue his employment with defendant indefinitely as long

25 as he carried out his duties in a proper and competent manner and paid his union dues;

26 B. Plaintiff would not be demoted, discharged, or otherwise disciplined, nor would

27 plaintiff's job functions be reassigned for other than good cause ........".

28
Complaint for unlawful termination
in violation of contract, harassment and infliction of
emotional distress                                    4

15. The alleged unsafe forklift operation should have resulted in retraining in company adopted safe practices and not leave Plaintiff with stress and anxiety. Improper forklift procedure if at all, should not have resulted in termination, but in retraining. The forklift "Counterweight" falling off shows unsafe equipment and not the ultimate responsibility of Plaintiff. It may be of note that Plaintiff has operated forklifts at Berkeley Farms for several yeas without incidents.

16. This employment contract was evidenced by various written documents, commendations, oral representations to plaintiff by defendants' agents and employees, and the parties' entire course of conduct, including the following as evidence by the employment handbook and Article 26 which Heading is "settlement of disputes".

17. A.    Defendants' written personnel policies and discipline procedures are as stated in Article 26 Settlement of Disputes; and should thus have been followed.

18. B.    The existence of an established policy with the defendant company, which was known to and relied on by plaintiff, that an employee such as plaintiff, who had performed service for Berkeley Farms for six years as a good and faithful employee, would have secure employment with defendants; that an employee such as plaintiff would not be discharged without good and sufficient cause and be afforded retraining and counseling when needed; that an employee such as plaintiff with a grievance or complaint lodged against him, would be provided a meaningful opportunity to respond and improve; and that an employee such as plaintiff would not be demoted, discharged, or disciplined without good and sufficient cause and would not otherwise have his job functions taken away or reassigned.

19. C.    Throughout his employment, plaintiff was told by his superiors, that he was doing a satisfactory job except by Supervisor Peter Cheung. Plaintiff worked there for six years until Supervisor Cheung gave Plaintiff grief.

20.    As a result of the above representations, plaintiff came reasonably to expect and to rely on the promise of job security and good and fair treatment. Such statements and acts

Complaint for unlawful termination
in violation of contract, harassment and infliction of
emotional distress                                         5

1  by defendants communicated to plaintiff the idea that he had performed satisfactorily

2  until his interaction with Supervisor Cheung which cost Plaintiff great anxiety and need

3  of medical counseling.  Plaintiff in good faith relied on these representations of good and

4  fair treatment and believed them to be true.

5  21.    Plaintiff's reliance on, belief in, and acceptance in good faith of all the assurances,

6  promises, and representations as listed in the preceding paragraphs led him to believe that

7  his employment was secure and that there existed a contract of continuous employment

8  with defendants. As independent consideration, in addition to performing his regular

9  duties as an employee of defendant, plaintiff refrained from seeking other employment

10  and pursuing other career opportunities while he was able to be re-trained without

11  suffering from the stress and anxiety and there was still a need of his skills.

12  22..    Plaintiff understood and duly performed all conditions of the contract to be

13  performed by him.

14  23.    Plaintiff has at all times been ready, willing, and able to perform and has offered

15  to perform all the conditions of this contract to be performed by him.

16  27.     Despite the representations made to Plaintiff and the reliance Plaintiff placed on

17  them, Defendants failed to carry out their responsibilities under the terms of the

18  employment contract and breached the contract in the following ways:

19  By not following the Union Grievance Procedures and The employment Handbook.

20  Plaintiff should have received counseling as the stress created in Plaintiff were in fact

21  caused directly and indirectly by Defendants.  Plaintiff should have been given any

22  necessary  forklift retraining to company standards if management decided that was

23  necessary.  The failure of Defendants to make Plaintiff understand that the

24  "Counterweight" incident was beyond Plaintiff's control would have alleviated some

25  anxiety and stress.

26  ///

27  ///

28  Complaint for unlawful termination
in violation of contract, harassment and infliction of
emotional distress                                    6

1    The company and Defendants failed by:

2  28.  A.  Subjecting plaintiff to different standards from those set for other employees;

3  29.  B.  Terminating plaintiff's employment without cause and for reasons that have

4  nothing to do with legitimate business justification, despite the past (Six Years)

5  satisfactory job performance.

6  30.  C  Failing to follow their own written personnel policies or to apply the same

7  personnel policies to plaintiff that they apply to other employees.

8  31.  D. Failing and refusing to place plaintiff in alternative positions while he had stress

9  and counseling issues that were available and for which plaintiff was qualified.

10  32.  As a proximate result of defendants' breach, plaintiff has suffered and continues to

11  suffer substantial losses in earnings, bonuses, and other employment benefits that he

12  would have received had defendants not breached said agreement, including but not

13  limited to expenses incurred in obtaining substitute employment, all to his damage in an

14  amount according to proof.

15

16                    SECOND CAUSE OF ACTION

17                 (Intentional Infliction of Emotional Distress)

18  33. The allegations set forth in Paragraphs 1 through 32 are re-alleged and incorporated

19  herein by reference.

20  34.  Defendants knew of Plaintiff's fragile emotional state based on the harassment and

21  the forklift incident.

22  35.  Defendants through their management and supervisors showed a callous disregard

23  for Plaintiff's emotional state and intentionally inflicted anxiety on Plaintiff.

24  Wherefore Plaintiff prays for Judgment as stated below.

25

26  ///

27  ///

28  Complaint for unlawful termination
    in violation of contract, harassment and infliction of
    emotional distress                                7

## THIRD CAUSE OF ACTION

### (Breach of the Covenant of Good Faith and Fair Dealing)

36. The allegations set forth in Paragraphs 1 through 35 are re-alleged and incorporated herein by reference.

37. Plaintiff's employment agreement with defendants contained an implied covenant of good faith and fair dealing by which defendants, and each of them, promised to give full cooperation to plaintiff in his employment performance and to refrain from doing any act that would prevent or impede plaintiff from performing all conditions of his employment or any act that would prevent or impede plaintiff's enjoyment of the fruits of his employment. Specifically, the covenant of good faith and fair dealing required defendants to fairly, honestly, and reasonably perform the terms and conditions of the employment agreement.

38. Plaintiff, as an individual employee, was in an inherently unequal bargaining position in his dealings with Defendants. In addition, Plaintiff entrusted his entire livelihood to Defendants' willingness to perform their obligations under the terms of employment, and he suffering grate harm;. Defendants were aware of plaintiff's vulnerability in the regard and need of medical counseling due to the anxiety brought on by management and Supervisor Chung.

39. Defendants' termination of plaintiff's employment was wrongful, in bad faith, arbitrary, and unfair, and done to frustrate his enjoyment of the contract's actual benefits, in breach of said covenant, in that plaintiff was terminated on the pretext that just cause exited to discharge him, when defendants knew that there was no just cause. Plaintiff had not quit. Plaintiff was discharged for reasons extraneous to the employment agreement, without good or sufficient cause, in violation of defendants' policy to deal consistently and fairly with its employees, and for the purpose of frustrating plaintiff's enjoyment of the benefits of his employment with Defendants. Further, Defendants breached the

Complaint for unlawful termination
in violation of contract, harassment and infliction of
emotional distress                                        8

1  covenant by:

2  40.   A. Subjecting plaintiff to different standards from those expected of employees;

3  41.   B. Terminating plaintiff's employment without cause and for reasons that have
nothing to do with legitimate business justification, despite satisfactory job performance.

4
42.   C. Failing to follow their written personnel policies or to apply the same personnel
5  policies to plaintiff that it applies to other employees.

6  43.   D. Failing and refusing to place plaintiff in alternative positions that were available
and for which plaintiff was qualified.

7

8

9                          PRAYER FOR RELIEF

10  WHEREFORE, plaintiff prays for judgement against defendants as follows:

11  (1)  To be reinstated with back-pay and seniority

12  (2) For compensatory damages including lost wages, lost employee benefits, bonuses,

13  vacation benefits, and other special and general damages according to proof on each

14  cause of action;

15  (3) For mental and emotional distress on the First and Second Cause of Action;

16  (4) For punitive damages on the First and Second Cause of Action;

17  (5) For an award of attorney fees on the First and Second Cause of Action;

18  (6) For an award of interest, including pre-judgment interest, at the legal rate;

19  (8) For an award to plaintiff of the costs of suit incurred herein on all causes of action;

20  and

21  (9) For such other and further relief as this court deems just and proper.

22

23

24  Date: 7/14/2014                            By _Kjell C._

25                                             Kjell Bomark-Noel

26                                             Attorney for Plaintiff

27

28  Complaint for unlawful termination
in violation of contract, harassment and infliction of
emotional distress                                        9

Verification

I Clinton Hendrix having reviewed the facts as stated in this complaint find them true and correct to the best of my memory and recollection. Under plenty of perjury under the laws of the State of California I affirm the facts true and correct to the best of my recollection and memory.

Date: 7/14/2014

By: _____ III

Clinton Hendrix

Complaint for unlawful termination
in violation of contract, harassment and infliction of
emotional distress

10

*Clinton hendrix*



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency          GOVERNOR EDMUND G. BROWN JR
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**          DIRECTOR PHYLLIS W. CHENG
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I Videophone 916-226-5285 I TTY 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

Nov 05, 2013

Clinton Hendrix
23 park circle
sausalito, ca 94965

RE:  **Notice of Case Closure and Right to Sue**
      DFEH Matter Number: 182381-77025-R
      Right to Sue: Hendrix / Berkeley Farms, Dunia xxx

Dear Clinton Hendrix:

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective Nov 05, 2013 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

**This letter is also your Right to Sue notice.** According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commision (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

Enclosures
cc:  Berkeley Farms



## Code of Ethics    Line

### INVESTIGATION REPORT

| Report # | H1570-1892 |
|---|---|
| Report Date | 9/26/2011 |
| Caller Name | Clinton Hendrix |
| Location | Berkeley Farms |
| Department | Plant |

**Summary of Caller's Allegation(s)/Concern(s):**

On June 6, 2011 production manager Peter Chuang embarrassed Hendrix in front of his peers when he chastised him for having a magazine in a production area.

| Investigator: | Gennifer Tate |
|---|---|
| Case Manager: | Gennifer Tate |

**Summary of Investigation Findings:**

> Maintain separate & confidential investigation file containing notes, witness statements and any other documents obtained in support of your investigation.

Hendrix complained on June 6, 2011 to Marcy Davis, HR department that he had just been chastised by Peter Chuang for having a magazine in the work area and that he was embarrassed because Peter talked about it in front of other production workers. Hendrix told Davis that he was going to go home. She advised him to complete his shift. Hendrix later confronted Chuang again began swearing got angrier and punched out before the end of his shift. He was suspended for one week for insubordination. When he returned from suspension he talked to the HR manager Gennifer Tate about the incident. Tate informed Hendrix that the incident was discussed with Chuang and that Chuang was counseled about the proper way to address disciplinary issues with employees. Hendrix said that he could no longer work with Chuang. Tate explained that Chuang will continue in his job as production manager but that any time Hendrix felt that Chuang was treating him disrespectfully, to advise either HR or the union. Hendrix then asked if he could take some time off to "get his head together" because he is not comfortable working with Chuang. He said he was feeling attacked and victimized. Tate asked Hendrix if he wanted to meet with Chuang, his shop steward and Tate to discuss how he was feeling. Hendrix refused so Tate suggested to Hendrix that he seek professional help to sort out his feelings and mentioned that he could use FMLA. Hendrix took a leave of absence of about 2 weeks. Hendrix filed a grievance with the union on August 23, 2011 over this matter. Tate spoke with Hendrix and again informed him that the incident had been discussed with Chuang. Hendrix again said he could not work with Chuang and wished that Chuang would leave him alone. On October 4, 2011 during a discussion with Tate and shop steward Ramon Castillo Hendrix stated that is obvious that someone talked to Chuang because Chuang avoids him.

**Action(s) Taken as a Result of Findings:** No action was taken. Issue was addressed with Chuang in June 2011.

### RESOLUTION INFORMATION

**EXHIBIT B**

**Outcome:**

*Enter 'X' where appropriate below.*

| | No Investigation Necessary |
|---|---|
| | Policy/Procedure Inquiry requiring no investigation. |
| | Complaint is Without Merit |
| | Complaint/Report has no merit. |

1    Thomas M. McInerney CA Bar No. 162055
     tmm@ogletreedeakins.com
2    Jill V. Cartwright CA Bar No. 260519
     jill.cartwright@ogletreedeakins.com
3    OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
     Steuart Tower, Suite 1300
4    One Market Plaza
     San Francisco, CA 94105
5    Telephone:     415.442.4810
     Facsimile:      415.442.4870
6

7    Attorneys for Defendant
     BERKELEY FARMS, LLC
     (erroneously sued as BERKELEY FARMS INC.)
8

9                 **UNITED STATES DISTRICT COURT**

10              **NORTHERN DISTRICT OF CALIFORNIA**

11

12    CLINTON HENDRIX                Case No.

13            Plaintiff,           **NOTICE OF REMOVAL OF CIVIL**
                                     **ACTION PURSUANT TO 28 U.S.C. §§ 1331,**
14           v.                     **1367, 1441 AND 1446 BY DEFENDANT**
                                     **BERKELEY FARMS, LLC**
15    BERKELEY FARMS INC. and DEAN
     FOODS INC. and DOES 1-100,
16                                 Complaint Filed:   July 14, 2014
          Defendants.           Trial Date:       Not Set
17

18

19

20

21

22

23

24

25

26

27

28

       NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1367, 1441 AND 1446 BY
                               DEFENDANT BERKELEY FARMS, LLC.

1   **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

2        PLEASE TAKE NOTICE THAT defendant Berkeley Farms, LLC (erroneously sued herein

3   as Berkeley Farms, Inc.) ("Berkeley Farms") hereby removes the above-captioned action from the

4   Superior Court of the State of California for the County of Alameda to the United States District

5   Court for the Northern District of California.  This matter is a civil action of which this Court has

6   original jurisdiction under 28 U.S.C. §§ 1331, and is one which may be removed to this Court by

7   defendans Berkeley Farms pursuant to the provisions of 28 U.S.C. § 1441(a),(c) in that it arises

8   under 29 U.S.C. § 185(a), Section 301 of the Labor Management Relations Act.  In support of this

9   removal, Berkeley Farms states as follows:

10   **THE STATE COURT ACTION**

11        1.     On July 14, 2014, plaintiff Clinton Hendrix filed a civil action in the Superior Court

12   of the State of California for the County of Alameda, entitled *Clinton Hendrix v. Berkeley Farms*

13   *Inc. and Dean Foods Inc. and Does 1-100*, bearing Case No. HG14732618 (the "Complaint").  (A

14   true and correct copy of the Complaint and all related documents are attached as "Ex. A" to this

15   Notice of Removal ["Notice"].)

16        2.     On July 14, 2014, the agent for service of process for defendant Berkeley Farms was

17   served with the Complaint and related documents.  All documents served on Berkeley Farms are

18   attached to this Notice at Exhibit A.

19        3.     The Complaint asserts three causes of action for: (1) Breach of Employment

20   Contract; (2) Intentional Infliction of Emotional Distress; and, (3) Breach of the Covenant of Good

21   Faith and Fair Dealing.  All of plaintiff's causes of action are based on his allegations that

22   defendants violated the collective bargaining agreement.

23   **THIS COURT HAS ORIGINAL JURISDICTION PURSUANT TO**

24   **SECTION 301 OF THE LABOR MANAGEMENT RELATIONS ACT**

25        4.     Plaintiff was a member of a union and his employment was subject to the terms of a

26   collective bargaining agreement.  (Complaint ¶¶ 5, 13, 14A, 27, Ex. B).  Plaintiff's state law claims

27   are premised on the terms of that collective bargaining agreement and the alleged breach by

28   defendants of the collective bargaining agreement.  (Complaint ¶¶ 18, 10-32, 39-43).

1

5.      Section 301(a) of the Labor Management Relations Act ("LMRA") ("Section 301"),
29 U.S.C. § 185(a), vests jurisdiction over claims relating to breaches of collective bargaining
agreements in federal courts, providing in pertinent part:

> Suits for violation of contracts between an employer and a labor organization representing
> employees in an industry affecting commerce as defined in this Act, or between any such
> labor organizations, may be brought in any district court of the United States having
> jurisdiction of the parties, without respect to the amount in controversy or without regard to
> the citizenship of the parties.

6.      Section 301 has been interpreted and applied to compel preemption of state law
claims to enforce collective bargaining agreements. *Avco Corp. v. Aero Lodge No. 735*, 390 U.S.
557, 560 (1968).  Importantly, "[a]lthough the language of § 301 is limited to '[s]uits for violation
of contracts,' the Supreme Court has expanded § 301 preemption to include cases the resolution of
which 'is substantially dependent upon analysis of the terms of [a collective bargaining
agreement.]'" *Navarro v. Servisair, LLC*, C 08-02716 MHP, 2008 WL 3842984 (N.D. Cal. Aug.
14, 2008), citing *Allis Chalmers v. Lueck*, 471 U.S. 202, 220 (1985).  "[T]he preemptive force of §
301 is so powerful as to displace entirely any state cause of action for violation of contracts
between an employer and a labor organization." *Franchise Tax Board of California v.
Construction Laborers Vacation Trust for S. Ca.*, 463 U.S. 1, 23 (1983).

7.      Removal is proper where federal law completely preempts and supplants state law.
*Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 64 (1987).  Section 301 completely
preempts all state law actions that require the interpretation of a collective bargaining agreement,
even if those actions are not characterized as § 301 actions.  *Stallcop v. Kaiser Foundation
Hospitals*, 820 F.2d 1044, 1049 (9th Cir. 1987) (plaintiff's failure to mention collective bargaining
agreement in complaint is not dispositive; court will investigate and find preemption if complaint
actually raises a Section 301 claim); *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189, 191
(9th Cir. 1983) (when a state law claim actually arises under federal law, the court will
recharacterize it accordingly to uphold removal).  Thus, "if a state law claim is completely
preempted by a federal statute such as Section 30l, the state law cause of action necessarily
becomes a federal one and can be removed." *Milne Employee's Ass'n v. Sun Carriers*, 960 F.2d

2

1  1401, 1406 (9th Cir. 1991), cert. denied, 113 S.Ct. 2927 (1993).

2      8.      Plaintiff's breach of contract and breach of the covenant of good faith and fair

3  dealing causes of action are based solely on the allegation that defendants violated the collective

4  bargaining agreement.  Indeed, the complaint specifically quotes from the collective bargaining

5  agreement and asserts that it was breached.  Accordingly, both of these claims necessarily involve

6  interpretation of the terms of the collective bargaining agreement and are preempted by Section

7  301 of the Labor Management Relations Act.

8      9.      Plaintiff's emotional distress claim is also preempted by Section 301 because it

9  stems from violation of the collective bargaining agreement.  The Ninth Circuit has held that

10  because a plaintiff's "emotional distress claim arises out of her discharge and the defendant's

11  conduct in the investigation leading up to it [. . ., a] determination of the validity of her emotional

12  distress claim will require us to decide whether her discharge was justified under the terms of the

13  collective bargaining agreement."  Therefore, the Court will have to interpret the collective

14  bargaining agreement to decide the claim.   *Newberry v. Pacific Racing Ass'n.*, 854 F.2d 1142,

15  1149-50 (9th Cir. 1988) (emotional distress claim preempted by section 301); *see also Scott v.*

16  *Machinists Automotive Trades Dist. Lodge No. 190*, 827 F.2d 589, 594 (9th Cir. 1987) (emotional

17  distress claim preempted under section 301 when arising out of employee's discharge or conduct of

18  employer in investigatory proceedings preceding discharge).  Plaintiff's emotional distress claim

19  therefore cannot be decided without interpreting or analyzing the terms of the agreement.

20      10.      As such, this action is a civil action over which this Court has original jurisdiction

21  under the provisions of 28 U.S.C. §§ 1331, and is one that may be removed by Berkeley Farms

22  pursuant to 28 U.S.C. § 1441(a) and (b).

23                          **Supplemental Jurisdiction**

24      11.      To the extent plaintiff's intentional infliction of emotional distress and breach of

25  covenant of good faith and fair dealing claims are not completely preempted and are thus not

26  removable to federal court, this Court may exercise supplemental jurisdiction over those claims.

27  All of plaintiff's claims in the Complaint arise out of the plaintiff's grievances against defendants

28  and arise out of the alleged termination of his employment.  Thus, these claims arise out of the

3

1   same nucleus of operative facts.  Since this Court has jurisdiction over the federal claims related to

2   this case or controversy, it also has supplemental jurisdiction over any state law claims which form

3   a part of the same case or controversy.  28 U.S.C. § 1367(a).

4                      **INTRADISTRICT ASSIGNMENT**

5          12.      Pursuant to Local Rule 3-2(d), Removal and Intradistrict Assignment to the Oakland

6   or San Francisco divisions of this Court is proper because the alleged acts and occurrences arose in

7   the County of Alameda.

8          WHEREFORE, defendant Berkeley Farms, LLC hereby removes the above action to this

9   Court.

10

11   DATED:  August 13, 2014                     OGLETREE, DEAKINS, NASH, SMOAK &
                                                  STEWART, P.C.
12

13

14                                        By:   */s/ Jill V. Cartwright*
                                                Thomas M. McInerney
15                                              Jill V. Cartwright

16                                         Attorneys for Defendant
                                           BERKELEY FARMS, LLC
17

18
                                                                                     18502624.2
19

20

21

22

23

24

25

26

27

28

                                          4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

7/14/14
213


*12740531*

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Berkeley Farms, Inc., Dean Foods Inc and DOES 1-100
BERKELEY FARMS

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Clinton Hendrix

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
**FILED**
**ALAMEDA COUNTY**

JUL 14 2014

CLERK OF THE SUPERIOR COURT
By: _____
DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
California Superior Court, Hayward  Branch, 24405 Amador Street
Hayward CA 94544

CASE NUMBER:
*(Número del Caso):*
HG14732618

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kjell C. Bomark-Noel, Esq., 11854 Dublin Blvd, Dublin  CA  94568

DATE: JUL 14 2014          LEAH T. WILSON          Clerk, by _____ , Deputy
*(Fecha)*                  EXECUTIVE OFFICER/CLERK  *(Secretario)*                     *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):*  Berkeley Farms, Inc.

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☑ by personal delivery on *(date):*  7/14/14

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov



*12740531*

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Berkley Farms, Inc., Dean Foods Inc and DOES 1-100
BERKELEY FARMS

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Clinton Hendrix

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY

JUL 14 2014

CLERK OF THE SUPERIOR COURT
By_____
DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
California Superior Court, Hayward Branch, 24405 Amador Street
Hayward CA 94544

CASE NUMBER:
*(Número del Caso):*
HG14732618

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kjell C. Bomark-Noel, Esq., 11854 Dublin Blvd, Dublin  CA  94568

DATE: JUL 14 2014          LEAH T. WILSON EXECUTIVE OFFICER/CLERK    Clerk, by _____, Deputy
*(Fecha)*                                                            *(Secretario)*              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Berkeley Farms, Inc.
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1 | Kjell C. Bomark-Noel; SBN 147494
Law Offices of Bomark-Noel
2 | 11854 Dublin Blvd
Dublin, CA 94568
3 | 510-325-6226

4 | Attorney for Defendants

5

6

7

8 | SUPERIOR COURTOF THE STATE OF CALIFORNIA

9 | COUNTY OF ALAMEDA

10 | Unlimited Jurisdiction

11 | CLINTON HENDRIX                    Case No   HG14732618

12 |         Plaintiff

13 |                                    Complaint for unlawful termination in
                                        violation of contract, harassment and
14 |         v                          infliction of emotional distress
BERKELEY FARMS INC
15 | And DEAN FOODS INC.
And Does 1-100
16
          Defendants
17

**ENDORSED
FILED
ALAMEDA COUNTY**

JUL 1 4 2014

CLERK OF THE SUPERIOR COURT
By:_____ANGEL LOGAN_____
                            DEPUTY

18 | RIGHT TO SUE LETTER

19 | On November 5, 2013, The State of California, Department of Fair Employment &

20 | Housing issued it's final Right to sue letter.  See attached **Exhibit A**. Which is a true and

21 | correct copy of the Right to Sue Letter.

22 | Comes now Plaintiff Clinton Hendrix hereinafter, Plaintiff, with a civil complaint against

23 | Berkeley Farms. Berkeley Farms is a corporation doing business in the State of California

24 | County of Alameda with address at 25500 Clawiter Rd, Hayward CA94545.  Dean Foods

25 | Inc is Berkeley Farms parent company based on the paychecks received by Plaintiff in the

26 | past. Herein after Berkeley Farms and Dean Foods Inc are combined as Defendants.

27 | Therefore, venue is Alameda County Superior Court. The Does 1-100 are sued as

28 | Complaint for unlawful termination
in violation of contract, harassment and infliction of
emotional distress

1  fictional entities, and when and if true names of persons or corporations are discovered
2  those names will be substituted for the Does.

### FACTS COMMON TO ALL CAUSES OF ACTION

3

4  1. Clinton Hendrix, hereinafter Plaintiff, had previously a grievance against Supervisor
5  Peter Cheung a supervisor with Berkeley Farms.  Plaintiff had previously filed two
6  grievances with the  Human Resources Manager at Berkeley Farms.  One grievance was
7  about an unsafe forklift incident in where the forklift lost its counterweight, something
8  the plant manager and the safety-manager blamed in part on Plaintiff. Plaintiff had prior
9  to the incident always operated the forklift in a safe and efficient manner.  Plaintiff
10  maintains that management unjustifiably blamed Plaintiff on something that was out of
11  his control. The bolts holding the counterweight broke and caused Plaintiff to have a
12  moving accident.  The incident created in Plaintiff stress and anxiety.  Into this situation
13  and after Plaintiff was further harassed by Supervisor Chung, a severe anxiety developed
14  in Plaintiff.

15  2.  1) Plaintiff filed a grievance in writing in where he stated, that he was harassed by a
16  supervisors at Berkeley Farms.  One allegation was that Plaintiff operated a fork-lift in an
17  unsafe manner, something in which Plaintiff denies; and another statement by Plaintiff
18  was one of harassment against Supervisor Peter Cheung in which eventually forced
19  Plaintiff to resign under protest by calling over the phone in frustation and stating "I.
20  Quit".

21  3.  None of these written complaints of harassment were addressed by Berkeley Farms in
22  compliance with Article 26 of the  Corporation's  employment agreement to with "
23  Settlement of Disputes."  As part of the harassment Peter Cheung had lifted his arm in a
24  threatening manner such that Mr. Hendrix felt threatened by Mr. Cheung's demeanor,
25  posture and verbalization.

26  4.  The anxiety inflicted on Plaintiff by a  Berkeley Farms Supervisor's behavior over the
27  alleged forklift incident and over the threatening behavior by supervisor Cheung required

28
Complaint for unlawful termination
in violation of contract, harassment and infliction of
emotional distress                                                2

1  Mr. Hendrix to seek medical help and take Family Medical leave.

2  5.  In fact Berkeley Farm knew that Mr. Hendrix was in need of professional counseling

3  based on the anxiety caused by Peter Cheung and managements in their handling of the

4  forklift incident and harrassment.  See attached **Exhibit B** which is a true and correct

5  copy of a document received by Plaintiff prior to his termination.

6  6.  Berkeley Farms claims That Mr. Hendrix called and said "I quit".

7  7.  Nobody denies that Plaintiff showed up to work the very next day and clocked in as

8  normal and went to work.  In fact, he showed the whole world by his action that he had

9  not quit when he called in and stated "I quit" over the phone.  Plaintiff was clearly

10  venting his frustration, but by his act and actions, he clearly showed he had not quit by

11  clocking in and starting to work.

12  8.  Berkeley Farms never followed Article 26 of its "Settlement of Disputes", but merely

13  terminated Mr. Hendrix in a manner not consistent with its own employment agreement.

14                              First cause of Action

15                          (Breach of Employment Contract)

16  9. The allegations set forth in Paragraphs 1 through 9 are re-alleged and incorporated

17  herein by reference.

18  10  Stated in Article 26 of the "employment agreement" an employee can expect

19  grievances to be handled in a fair an equitable manner.

20                          ARTICLE 26, SETTLEMENT OF DISPUTES

21  11. "Section 1. Step 1 - All grievances of employees and disputes relating to the

22  application, and enforcement of this Agreement, shall be referred initially by the

23  employee and or shop steward to the employees' immediate supervisor or manager."

24  12, "Step 2 - if after five (5)business days the matter is not settled under the foregoing

25  procedure, the matter shall be referred in writing by the employee and or shop steward to

26  the Plant Manager, or Distribution Manager and the Human Resource Manager. The

27  written referral to Step 2 shall state the nature of the dispute and the remedy sought using

28  Complaint for unlawful termination
in violation of contract, harassment and infliction of
emotional distress                                    3

1  the agreed upon form with copies served on the parties involved. Grievances filed under
2  Article 5 shall be filed at Step 2. The Union may be represented by any of its officers,
3  agents or other authorized persons, and the employer may be represented by its
4  management personnel or other persons. The Step 2 grievance meeting shall be held
5  within five (5) days of written notice of the referral, unless mutually agreed otherwise.
6  Every effort shall be made to resolve differences at this level. Within five (5) days after
7  the Step 2 grievance meeting the responding party shall serve the grieving party with a
8  written response to the grievance, and if denied, setting forth the reasons."
9  13. "Section 2. In the event grievances or disputes are not settled within five (5) days
10 under the foregoing procedure, the matter may be referred to a Board of Adjustment. All
11 such unresolved issues shall be in writing with copies to be served on the parties
12 involved. The Union may be represented by any of its officers, agents or other authorized
13 persons, and the Employer may be represented by its management personnel or other
14 authorized persons. Every effort shall be made to resolve differences at this level.
15 Section 3. The Board of Adjustment shall be composed of two (2) representatives of the
16 Company and two (2) representatives of the Union. No such representative shall be a
17 direct employee of the Company or of the Union involved in the dispute. A Chairman and
18 Secretary shall be designated from among the panel."
19 ///
20 14.    During the entire course of plaintiff's employment with defendants, there existed an
21 express and implied-in-fact employment contract between plaintiff and defendants that, at
22 the time of plaintiff's discharge, included but was not limited to, the following terms and
23 conditions:
24 A. Plaintiff would be able to continue his employment with defendant indefinitely as long
25 as he carried out his duties in a proper and competent manner and paid his union dues;
26 B. Plaintiff would not be demoted, discharged, or otherwise disciplined, nor would
27 plaintiff's job functions be reassigned for other than good cause ........".
28
Complaint for unlawful termination
in violation of contract, harassment and infliction of
emotional distress                                    4

1    15. The alleged unsafe forklift operation should have resulted in retraining in company

2    adopted safe practices and not leave Plaintiff with stress and anxiety. Improper forklift

3    procedure if at all, should not have resulted in termination, but in retraining. The forklift

4    "Counterweight" falling off shows unsafe equipment and not the ultimate responsibility

5    of Plaintiff. It may be of note that Plaintiff has operated forklifts at Berkeley Farms for

6    several yeas without incidents.

7    16.  This employment contract was evidenced by various written documents,

8    commendations, oral representations to plaintiff by defendants' agents and employees,

9    and the parties' entire course of conduct, including the following as evidence by the

10   employment handbook and Article 26 which Heading is "settlement of disputes".

11   17. A.    Defendants' written personnel policies and discipline procedures are as stated in

12   Article 26 Settlement of Disputes; and should thus have been followed.

13   18. B.    The existence of an established policy with the defendant company, which was

14   known to and relied on by plaintiff, that an employee such as plaintiff, who had

15   performed service for Berkeley Farms for six years as a good and faithful employee,

16   would have secure employment with defendants; that an employee such as plaintiff would

17   not be discharged without good and sufficient cause and be afforded retraining and

18   counseling when needed; that an employee such as plaintiff with a grievance or complaint

19   lodged against him, would be provided a meaningful opportunity to respond and improve;

20   and that an employee such as plaintiff would not be demoted, discharged, or disciplined

21   without good and sufficient cause and would not otherwise have his job functions taken

22   away or reassigned.

23   19. C.    Throughout his employment, plaintiff was told by his superiors, that he was

24   doing a satisfactory job except by Supervisor Peter Cheung. Plaintiff worked there for

25   six years until Supervisor Cheung gave Plaintiff grief.

26   20.    As a result of the above representations, plaintiff came reasonably to expect and to

27   rely on the promise of job security and good and fair treatment. Such statements and acts

28   Complaint for unlawful termination
     in violation of contract, harassment and infliction of
     emotional distress                                      5

1  by defendants communicated to plaintiff the idea that he had performed satisfactorily

2  until his interaction with Supervisor Cheung which cost Plaintiff great anxiety and need

3  of medical counseling. Plaintiff in good faith relied on these representations of good and

4  fair treatment and believed them to be true.

5  21.    Plaintiff's reliance on, belief in, and acceptance in good faith of all the assurances,

6  promises, and representations as listed in the preceding paragraphs led him to believe that

7  his employment was secure and that there existed a contract of continuous employment

8  with defendants. As independent consideration, in addition to performing his regular

9  duties as an employee of defendant, plaintiff refrained from seeking other employment

10  and pursuing other career opportunities while he was able to be re-trained without

11  suffering from the stress and anxiety and there was still a need of his skills.

12  22..    Plaintiff understood and duly performed all conditions of the contract to be

13  performed by him.

14  23.    Plaintiff has at all times been ready, willing, and able to perform and has offered

15  to perform all the conditions of this contract to be performed by him.

16  27.    Despite the representations made to Plaintiff and the reliance Plaintiff placed on

17  them, Defendants failed to carry out their responsibilities under the terms of the

18  employment contract and breached the contract in the following ways:

19  By not following the Union Grievance Procedures and The employment Handbook.

20  Plaintiff should have received counseling as the stress created in Plaintiff were in fact

21  caused directly and indirectly by Defendants. Plaintiff should have been given any

22  necessary  forklift retraining to company standards if management decided that was

23  necessary. The failure of Defendants to make Plaintiff understand that the

24  "Counterweight" incident was beyond Plaintiff's control would have alleviated some

25  anxiety and stress.

26  ///

27  ///

28

Complaint for unlawful termination
in violation of contract, harassment and infliction of
emotional distress            6

1      The company and Defendants failed by:

2    28.   A.  Subjecting plaintiff to different standards from those set for other employees;

3    29.   B.  Terminating plaintiff's employment without cause and for reasons that have

4    nothing to do with legitimate business justification, despite the past (Six Years)

5    satisfactory job performance.

6    30.   C  Failing to follow their own written personnel policies or to apply the same

7    personnel policies to plaintiff that they apply to other employees.

8    31.   D.  Failing and refusing to place plaintiff in alternative positions while he had stress

9    and counseling issues that were available and for which plaintiff was qualified.

10   32.    As a proximate result of defendants' breach, plaintiff has suffered and continues to

11   suffer substantial losses in earnings, bonuses, and other employment benefits that he

12   would have received had defendants not breached said agreement, including but not

13   limited to expenses incurred in obtaining substitute employment, all to his damage in an

14   amount according to proof.

15

16                     SECOND CAUSE OF ACTION

17                 (Intentional Infliction of Emotional Distress)

18   33. The allegations set forth in Paragraphs 1 through 32 are re-alleged and incorporated

19   herein by reference.

20   34.   Defendants knew of Plaintiff's fragile emotional state based on the harassment and

21   the forklift incident.

22   35.   Defendants through their management and supervisors showed a callous disregard

23   for Plaintiff's emotional state and intentionally inflicted anxiety on Plaintiff.

24   Wherefore Plaintiff prays for Judgment as stated below.

25

26   ///

27   ///

28   Complaint for unlawful termination
     in violation of contract, harassment and infliction of
     emotional distress                                 7

# THIRD CAUSE OF ACTION

## (Breach of the Covenant of Good Faith and Fair Dealing)

36. The allegations set forth in Paragraphs 1 through 35 are re-alleged and incorporated herein by reference.

37. Plaintiff's employment agreement with defendants contained an implied covenant of good faith and fair dealing by which defendants, and each of them, promised to give full cooperation to plaintiff in his employment performance and to refrain from doing any act that would prevent or impede plaintiff from performing all conditions of his employment or any act that would prevent or impede plaintiff's enjoyment of the fruits of his employment. Specifically, the covenant of good faith and fair dealing required defendants to fairly, honestly, and reasonably perform the terms and conditions of the employment agreement.

38. Plaintiff, as an individual employee, was in an inherently unequal bargaining position in his dealings with Defendants. In addition, Plaintiff entrusted his entire livelihood to Defendants' willingness to perform their obligations under the terms of employment, and he suffering grate harm;. Defendants were aware of plaintiff's vulnerability in the regard and need of medical counseling due to the anxiety brought on by management and Supervisor Chung.

39. Defendants' termination of plaintiff's employment was wrongful, in bad faith, arbitrary, and unfair, and done to frustrate his enjoyment of the contract's actual benefits, in breach of said covenant, in that plaintiff was terminated on the pretext that just cause exited to discharge him, when defendants knew that there was no just cause. Plaintiff had not quit. Plaintiff was discharged for reasons extraneous to the employment agreement, without good or sufficient cause, in violation of defendants' policy to deal consistently and fairly with its employees, and for the purpose of frustrating plaintiff's enjoyment of the benefits of his employment with Defendants. Further, Defendants breached the

Complaint for unlawful termination
in violation of contract, harassment and infliction of
emotional distress                                              8

1  covenant by:

2  40.   A. Subjecting plaintiff to different standards from those expected of employees;

3  41.   B. Terminating plaintiff's employment without cause and for reasons that have
   nothing to do with legitimate business justification, despite satisfactory job performance.

4
   42.   C. Failing to follow their written personnel policies or to apply the same personnel
5  policies to plaintiff that it applies to other employees.

6  43.   D. Failing and refusing to place plaintiff in alternative positions that were available
   and for which plaintiff was qualified.

7

8

9                              PRAYER FOR RELIEF

10 WHEREFORE, plaintiff prays for judgement against defendants as follows:

11 (1)  To be reinstated with back-pay and seniority

12 (2) For compensatory damages including lost wages, lost employee benefits, bonuses,

13 vacation benefits, and other special and general damages according to proof on each

14 cause of action;

15 (3) For mental and emotional distress on the First and Second Cause of Action;

16 (4) For punitive damages on the First and Second Cause of Action;

17 (5) For an award of attorney fees on the First and Second Cause of Action;

18 (6) For an award of interest, including pre-judgment interest, at the legal rate;

19 (8) For an award to plaintiff of the costs of suit incurred herein on all causes of action;

20 and

21 (9) For such other and further relief as this court deems just and proper.

22

23

24 Date: 7/14/2014                         By _Kjell C._

25                                          Kjell Bomark-Noel

26                                          Attorney for Plaintiff

27

28 Complaint for unlawful termination
   in violation of contract, harassment and infliction of
   emotional distress                            9

Verification

I Clinton Hendrix having reviewed the facts as stated in this complaint find them true and correct to the best of my memory and recollection. Under plenty of perjury under the laws of the State of California I affirm the facts true and correct to the best of my recollection and memory.

Date: 7/14/2014                         By: _____

                                        Clinton Hendrix

Complaint for unlawful termination
in violation of contract, harassment and infliction of
emotional distress                         10

*Clinton Hendrix*

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency          GOVERNOR EDMUND G. BROWN JR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**          DIRECTOR PHYLLIS W. CHENG
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | Videophone 916-226-5285 | TTY 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

Nov 05, 2013

Clinton Hendrix
23 park circle
sausalito, ca 94965

RE: **Notice of Case Closure and Right to Sue**
 DFEH Matter Number: 182381-77025-R
 Right to Sue: Hendrix / Berkeley Farms, Dunia xxx

Dear Clinton Hendrix:

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment
and Housing (DFEH) has been closed effective Nov 05, 2013 because an immediate Right to Sue notice was
requested. DFEH will take no further action on the complaint.

**This letter is also your Right to Sue notice.** According to Government Code section 12965, subdivision (b), a
civil action may be brought under the provisions of the Fair employment and Housing Act against the person,
employer, labor organization or employment agency named in the above-referenced complaint. The civil action
must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commision
(EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of
the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

Enclosures
cc: Berkeley Farms


EXHIBIT A

## Code of Ethics ⋯ Line

### INVESTIGATION REPORT

| | |
|---|---|
| eport Date | 9/26/2011 |
| aller Name | Clinton Hendrix |
| Location | Berkeley Farms |
| Department | Plant |

**Summary of Caller's Allegation(s)/Concern(s):**

On June 6, 2011 production manager Peter Chuang embarrassed Hendrix in front of his peers when he chastised him for having a magazine in a production area.

| Investigator: | Gennifer Tate |
|---|---|
| Case Manager: | Gennifer Tate |

**Summary of Investigation Findings:**   Maintain separate & confidential investigation file containing notes, witness statements and any other documents obtained in support of your investigation.

Hendrix complained on June 6, 2011 to Marcy Davis, HR department that he had just been chastised by Peter Chuang for having a magazine in the work area and that he was embarrassed because Peter talked about it in front of other production workers. Hendrix told Davis that he was going to go home. She advised him to complete his shift. Hendrix later confronted Chuang again began swearing got angrier and punched out before the end of his shift. He was suspended for one week for insubordination. When he returned from suspension he talked to the HR manager Gennifer Tate about the incident. Tate informed Hendrix that the incident was discussed with Chuang and that Chuang was counseled about the proper way to address disciplinary issues with employees. Hendrix said that he could no longer work with Chuang. Tate explained that Chuang will continue in his job as production manager but that any time Hendrix felt that Chuang was treating him disrespectfully, to advise either HR or the union. Hendrix then asked if he could take some time off to "get his head together" because he is not comfortable working with Chuang. He said he was feeling attacked and victimized. Tate asked Hendrix if he wanted to meet with Chuang, his shop steward and Tate to discuss how he was feeling. Hendrix refused so Tate suggested to Hendrix that he seek professional help to sort out his feelings and mentioned that he could use FMLA. Hendrix took a leave of absence of about 2 weeks. Hendrix filed a grievance with the union on August 23, 2011 over this matter. Tate spoke with Hendrix and again informed him that the incident had been discussed with Chuang. Hendrix again said he could not work with Chuang and wished that Chuang would leave him alone. On October 4, 2011 during a discussion with Tate and shop steward Ramon Castillo Hendrix stated that is obvious that someone talked to Chuang because Chuang avoids him.

**Action(s) Taken as a Result of Findings:**  No action was taken. Issue was addressed with Chuang in June 2011.

### RESOLUTION INFORMATION

**Outcome:**

EXHIBIT B

Enter "X" where appropriate below.

| No Investigation Necessary |
|---|
| Policy/Procedure inquiry requiring no investigation. |
| Complaint is Without Merit |
| Complaint/Report is on merit |

1   Thomas M. McInerney CA Bar No. 162055
    tmm@ogletreedeakins.com
2   Jill V. Cartwright CA Bar No. 260519
    jill.cartwright@ogletreedeakins.com
3   OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
    Steuart Tower, Suite 1300
4   One Market Plaza
    San Francisco, CA  94105
5   Telephone:     415.442.4810
    Facsimile:     415.442.4870
6
    Attorneys for Defendant
7   BERKELEY FARMS, LLC
    (erroneously sued as BERKELEY FARMS INC.)
8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11

12  CLINTON HENDRIX                          Case No.  4:14-cv-03659

13            Plaintiff,                      **DEFENDANT BERKELEY FARMS, LLC'S
                                             NOTICE OF MOTION AND MOTION TO
14       v.                                  DISMISS**

15  BERKELEY FARMS INC. and DEAN             Date:       September 25, 2014
    FOODS INC. and DOES 1-100,               Time:       10:00 a.m.
16                                           Location:   Courtroom 4, 17th Floor
            Defendant.
17                                           Complaint Filed:  July 14, 2014
                                             Trial Date:       Not Set
18

19

20

21

22

23

24

25

26

27

28

    DEFENDANT BERKELEY FARMS, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS

1  <u>**NOTICE OF MOTION AND MOTION TO DISMISS**</u>

2  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3  Please take notice that on September 25, 2014 at 10:00 a.m., or as soon thereafter as

4  counsel may be heard in Courtroom 4, 17th Floor of the above-titled court, located at 450 Golden

5  Gate Avenue, San Francisco, California 94102, defendant BERKELEY FARMS, LLC

6  (erroneously sued as BERKELEY FARMS INC.) will, and hereby does, move this Court pursuant

7  to Rule 12(b) of the Federal Rules of Civil Procedure and Rule 7-1 of the Northern District Local

8  Rules of Court for an order dismissing this action for failure to state a claim upon which relief can

9  be granted.

10  The Motion to Dismiss is based on this Notice of Motion and Motion, the Memorandum of

11  Points and Authorities, the Request for Judicial Notice, the pleadings on file herein and such

12  arguments and admissible evidence as may be presented at the time of hearing.

13

14

    DATED:  August 20, 2014                     OGLETREE, DEAKINS, NASH, SMOAK &
15                                              STEWART, P.C.

16

17                                             By:    /s/ *Thomas M. McInerney*
18                                                   Thomas M. McInerney
                                                    Jill V. Cartwright
19
                                               Attorneys for Defendant
20                                             BERKELEY FARMS, LLC

21                                                                          18686562.2

22

23

24

25

26

27

28

                                            1
DEFENDANT BERKELEY FARMS, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS

1  Thomas M. McInerney CA Bar No. 162055
   tmm@ogletreedeakins.com
2  Jill V. Cartwright CA Bar No. 260519
   jill.cartwright@ogletreedeakins.com
3  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   Steuart Tower, Suite 1300
4  One Market Plaza
   San Francisco, CA  94105
5  Telephone:    415.442.4810
   Facsimile:    415.442.4870
6
7  Attorneys for Defendant
   BERKELEY FARMS, LLC
   (erroneously sued as BERKELEY FARMS INC.)
8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11

12 | CLINTON HENDRIX                  | Case No.  4:14-cv-03659-VC

13 |          Plaintiff,              | **DEFENDANT BERKELEY FARMS, LLC'S
                                        MEMORANDUM OF POINTS AND
14 |     v.                           | AUTHORITIES IN SUPPORT OF ITS
                                        MOTION TO DISMISS PURSUANT TO
15 | BERKELEY FARMS INC. and DEAN     | FRCP 12(b)(6)**
   | FOODS INC. and DOES 1-100,
16 |                                  | Date:      September 25, 2014
   |          Defendant.             | Time:      10:00 a.m.
17 |                                  | Location:  Courtroom 4, 17th Floor

18 |                                  | Complaint Filed: July 14, 2014
                                      | Trial Date:      Not Set
19

20

21

22

23

24

25

26

27

28

---

DEFENDANT BERKELEY FARMS, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF ITS MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)

# TABLE OF CONTENTS

Page

I.     INTRODUCTION ................................................................................................. 1

II.    FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY ............................ 2

III.   ARGUMENT ....................................................................................................... 4

   A.   Hendrix's Second And Third Causes Of Action Are Barred By The
        Statute Of Limitations. ................................................................................ 5

   B.   Hendrix's First and Third Causes of Action Are Preempted By
        Section 301 And Cannot be Asserted in this Action. ................................... 5

   C.   Hendrix Has Not Alleged a Claim for Breach of the Union's Duty of
        Fair Representation and any Such Claim is Now Time Barred.
        Therefore, His Breach of Contract Claim Against Berkeley Farms
        Must Fail. ................................................................................................... 7

   D.   Hendrix's First and Third Causes of Action Are Barred by His Failure
        to Exhaust His Contractual Remedies. ........................................................ 9

   E.   Hendrix's Second Cause Of Action Also Fails To State A Claim
        Upon Which Relief Can Be Granted And Thus Must Be Dismissed
        With Prejudice. ......................................................................................... 10

        1.   Hendrix Must Plead Facts Demonstrating That He Has a
             Plausible Basis for Relief. ................................................................ 10

        2.   Hendrix's Intentional Infliction of Emotional Distress Cause
             of Action Fails to Plead Facts Establishing a Plausible Basis
             for Relief. ........................................................................................ 11

        3.   Plaintiff Cannot Show that Berkeley Farms' Actions Were
             Extreme and Outrageous or That He Suffered Emotional
             Distress. ........................................................................................... 12

        4.   Hendrix's IIED Claim is Barred by the Exclusivity of the
             Workers' Compensation Laws. ......................................................... 13

   F.   Hendrix's Third Cause of Action is Superfluous and Must be
        Dismissed. ................................................................................................ 13

IV.    CONCLUSION ................................................................................................... 14

DEFENDANT BERKELEY FARMS, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF ITS MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)

1

## TABLE OF AUTHORITIES

2
Page(s)

3
FEDERAL CASES

4
*Aguilera v. Pirelli Armstrong Tire Corp.*,
   223 F.3d 1010 (9th Cir. 2000) ................................................................ 7

5

6
*Allis-Chalmers Corp. v. Lueck*,
   471 U.S. 202 (1985) ............................................................................... 8

7
*Anderson v. Clow*,
   89 F.3d 1399 (9th Cir. 1996) .................................................................. 4

8

9
*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ....................................................................... 10, 11

10

11
*Bachilla v. Pacific Bell Telephone Co.*
   2007 WL 2825924 (E.D. Cal. 2007) ...................................................... 4

12
*Balistreri v. Pacifica Police Dep't*,
   901 F.2d 696 (9th Cir. 1988) .................................................................. 4

13

14
*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .................................................................. 4, 10, 11

15

16
*Bliesner v. Commc'n. Workers of Am.*,
   464 F.3d 910 (9th Cir. 2006) .................................................................. 7

17
*Bloom v. Universal City Studios, Inc.*,
   734 F. Supp. 1553 (C.D. Cal. 1990) ...................................................... 6

18

19
*Branch v. Tunnel*,
   14 F.3d 449 (9th Cir. 1994) .................................................................... 4

20

21
*Carr v. Pacific Maritime Association*,
   904 F.2d 1313 (9th Cir. 1990) .............................................................. 10

22
*Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*,
   949 U.S. 558 (1990) ............................................................................... 7

23

24
*Chmiel v. Beverly Wilshire Hotel Co.*,
   873 F.2d 1283 (9th Cir. 1989) ............................................................ 6, 7

25
*DelCostello v. International Brotherhood of Teamsters*,
   462 U.S. 151 (1983) ..................................................................... 7, 8, 10

26

27
*Greenly v. Sara Lee*,
   2006 WL 2837252 (E.D. Cal. 2006) ...................................................... 6

28

ii

*Hall v. FedEx Freight, Inc.*,
    2014 WL 3401386 (E.D. Cal. July 11, 2014).................................................................5

*Hines v. Anchor Motor Freight, Inc.*,
    424 U.S. 554 (1976) ...........................................................................................................8

*Knowles v. Pacific Gas & Electric Co.*,
    2008 WL 2705097 (N.D. Cal. 2008)..............................................................................8, 9

*N.L.R.B. v. Allis-Chalmers Mfg. Co.*,
    388 U.S. 175 (1987) ...........................................................................................................7

*Niehaus v. Greyhound Lines, Inc.*,
    173 F.3d 1207 (9th Cir. 1999) ...........................................................................................6

*O'Sullivan v. Longview Fibre Company*,
    993 F. Supp. 743 (N.D. Cal. 1997)....................................................................................9

*Paige v. Henry J. Kaiser Co.*,
    826 F.2d 857 (9th Cir. 1987) .............................................................................................5

*Parrino v. FHP, Inc.*,
    146 F.3d 699 (9th Cir. 1998) .............................................................................................4

*Price v. Georgia-Pacific Corp.*,
    99 F. Supp.2d 1162 (N.D. Cal. 2000)..............................................................................10

*Soremekun v. Thrifty Payless, Inc.*,
    509 F.3d 978 (9th Cir. 2007) .............................................................................................9

*Stallcop v. Kaiser Foundation Hosp.*,
    820 F.2d 1044 (9th Cir. 1987) ...........................................................................................8

*Stewart v. Leland Stanford Junior University*
    2006 WL 889437 (N.D. Cal. 2006)....................................................................................4

*Swiekiewics v. Sorema N.A.*,
    534 U.S. 506 (2002) ...........................................................................................................6

*Teamsters v. Lucas Flour Co.*,
    369 U.S. 95 (1962) .............................................................................................................5

*United Paperworkers Int'l Union v. Misco, Inc.*
    484 U.S. 29 (1987) .............................................................................................................9

*United Steel Workers of America v. Warner and Gulf Navigation Co.*,
    363 U.S. 574 (1960) ...........................................................................................................7

*Vaca v. Sipes*,
    386 U.S. 171 (1967) ..................................................................................................7, 8, 9

iii

*Young v. Anthony's Fish Grottos, Inc.,*
    830 F.2d 993 (9th Cir. 1987)..........................................................................10

**STATE CASES**

*Alcorn v. Anbro Engineering, Inc.,*
    2 Cal. 3d 493 (1970)....................................................................................12

*Bogard v. Employers Casualty Co.,*
    164 Cal. App. 3d 602 (1985).........................................................................12

*Careau & Co. v. Security Pac. Business Credit, Inc.,*
    222 Cal. App. 3d 1371 (1991).......................................................................13

*Christensen v. Super. Ct.,*
    54 Cal. 3d 868 (1991)..................................................................................12

*Cole v. Fair Oaks Fire Protection Dist.,*
    43 Cal. 3d 148 (1987)..................................................................................13

*Foley v. Interactive Data Corp.,*
    47 Cal. 3d 654 (1988)..................................................................................13

*Guz v. Bechtel Nat'l Inc.*
    24 Cal. 4th 317 (2000).................................................................................13

*Livitsanos v. Super. Ct.,*
    2 Cal. 4th 744 (1992)...................................................................................13

*Michaelian v. State Comp. Ins. Fund,*
    50 Cal. App. 4th 1093 (1996).......................................................................12

*Pugliese v. Superior Court,*
    146 Cal. App. 4th 1444 (2007)........................................................................5

*Shoemaker v. Myers,*
    52 Cal. 3d 1 (1990)......................................................................................13

**FEDERAL STATUTES**

29 U.S.C. § 185(a) ...........................................................................................passim

**STATE STATUTES**

Cal. Civ. Proc. § 335.1 ...........................................................................................5

Cal. Lab. Code § 3200, *et seq.*.............................................................................13

DEFENDANT BERKELEY FARMS, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF ITS MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8(a)(2) ................................................................................................. 11

Fed. R. Civ. P. 12(b)(6) ............................................................................................ 4, 14

Restatement (Second) of Torts § 46(1) (1965) ........................................................... 12

DEFENDANT BERKELEY FARMS, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF ITS MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)

1  **I.      INTRODUCTION**

2          Defendant Berkeley Farms, LLC (erroneously sued as BERKELEY FARMS INC.) seeks

3  dismissal of plaintiff Clinton Hendrix's Complaint on the basis that it is preempted by section 301

4  of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a) ("section 301"), that

5  Hendrix has not, and cannot, state a cause of action under section 301, his claims are barred by his

6  failure to exhaust contractual and administrative remedies, and his claims are barred by the statute

7  of limitations.  In addition, Hendrix fails to plead facts sufficient to support his second cause of

8  action for Intentional Infliction of Emotional Distress ("IIED"), and his IIED claim is barred by the

9  exclusivity of workers' compensation.

10          Berkeley Farms manufactures, sells, and distributes dairy products.  According to the

11  Complaint, Hendrix was a member of a union, and as such, the terms and conditions of his

12  employment are covered by a collective bargaining agreement ("CBA").  (Doc. No. 1, Ex. A;

13  Request for Judicial Notice ("RJN"), ¶ 1: Declaration of Gennifer Tate ("Tate Dec.") at ¶ 2, Ex. 1).

14  In this action, Hendrix asserts three claims: (1) breach of contract; (2) intentional infliction of

15  emotional distress; and (3) breach of the covenant of good faith and fair dealing.  Hendrix's

16  complaint asserts that under the CBA he could only be terminated for "just cause," and that

17  Berkeley Farms lacked such justification (Complaint ¶¶ 6-8, 14, 29); and that Berkeley Farms

18  knew Hendrix needed professional counseling because his supervisor caused him anxiety but

19  Berkeley Farms showed "callous disregard" for Hendrix's emotional state (Complaint ¶¶ 4-5, 34-

20  35).

21          Because Hendrix's employment is governed by a CBA, his state law claims are preempted

22  under section 301, and therefore, he may only bring federal claims.  Hendrix has not and cannot

23  plead any breach of the union's duty of fair representation, and without that cannot maintain an

24  action against Berkeley Farms.  In addition, Hendrix's entire action is precluded based on his

25  failure to exhaust the grievance procedures set forth in the CBA, which failure constitutes a waiver

26  of such claims.  Finally, Hendrix fails to plead facts sufficient to support a claim for IIED.

27  Accordingly, the Court should dismiss Hendrix's entire Complaint as preempted by section 301 of

28

DEFENDANT BERKELEY FARMS, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF ITS MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)

1  the LMRA, because Hendrix has failed to state a claim upon which relief can be granted, and

2  because Hendrix's claims are barred by his failure to exhaust administrative remedies.

3  **II.    FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

4          At all times during and after Hendrix's employment, he was represented by the

5  International Brotherhood of Teamsters, Local 853 ("Teamsters").  (RJN ¶ 1, Tate Dec. at Ex. 1).

6  Hendrix's employment with Berkeley Farms was governed by a CBA between the Teamsters and

7  Berkeley Farms under Articles 4, 24, 29 and 30.  (Complaint ¶¶ 1, 2, 3, 8, 10-18, 22, and 27,

8  (referencing a "grievance" "Union Grievance Procedures," and "Article 26"); RJN ¶ 1, Tate Dec. at

9  Ex. 1 (hereinafter the "CBA")).  Article 3 provides for recognition of the Teamsters as the

10  exclusive collective bargaining agent and representative of the employees covered by the CBA.

11  (CBA Article 3, Section 1).  Article 3, Section 2 requires that all employees subject to the

12  agreement must become and remain a member of the union as a condition of employment with

13  Berkeley Farms.

14          The CBA governed Hendrix's employment, including the allowable circumstances and

15  grounds for termination, seniority, working hours and overtime, and the grievance procedures to be

16  followed in the event of a dispute.  (Articles 22, 24, 26, 29, 30, and 37 of the CBA, respectively).

17  The CBA requires that an employee desiring to quit employment "shall give three (3) days' notice

18  to his employer."  (CBA, Article 37, Section 2).  The CBA also requires that Berkeley Farms "shall

19  not discharge or suspend any employee without just cause."  (CBA, Article 5, Section 2).

20          Article 26 of the CBA governs the settlement of disputes between an employee and

21  Berkeley Farms.  (Complaint ¶¶ 3, 10-13).  Step one requires all employee grievances to be

22  referred to the employee's immediate supervisor.  (Complaint ¶ 11; CBA, Article 26, Section

23  1.Step 1).  If, after five business days, the dispute does not settle, the matter is referred to Step 2.

24  (Complaint ¶ 12; CBA, Article 26, Section 1.Step 1).

25          Step 2 provides for written referral to Berkeley Farms' management, including Human

26  Resources, regarding the nature of the dispute and the remedy sought.  (Complaint ¶ 12; CBA,

27  Article 26, Section 1.Step 2).  Step 2 also provides for a meeting between the union and Berkeley

28  Farms to resolve the dispute within five days of the written notice of the dispute.  (Complaint ¶ 12;

1  CBA, Article 26, Section 1.Step 2).  Within five days after the Step 2 grievance meeting, the

2  company must serve the grieving employee with a written response to the grievance.  (Complaint

3  ¶ 12; CBA, Article 26, Section 1.Step 2).  If the grievance is denied, the company must provide a

4  written explanation.  (Complaint ¶ 12; CBA, Article 26, Section 1.Step 2).

5       If the Step 2 does not resolve the dispute, the dispute may be referred to a Board of

6  Adjustment.  (Complaint ¶ 13; CBA, Article 26, Section 2).  The Board of Adjustment must meet

7  within ten days after the submission of a dispute.  (Complaint ¶ 13; CBA, Article 26, Section

8  1.Step 2).  The Board of Adjustment is composed of two (2) company representatives and two (2)

9  union representatives.  (Complaint ¶ 13; CBA, Article 26, Section 3).  The union and the company

10 may send representatives to appear before the Board of Adjustment, and the Board of Adjustment

11 will vote on how to decide the dispute.  (Complaint ¶ 13; CBA, Article 26, Section 3).  If the Board

12 of Adjustment cannot reach a majority vote, the dispute may then be submitted to arbitration.

13 (CBA, Article 26, Section 4).  The decision of the arbitrator is final and binding upon the parties to

14 the dispute.  (CBA, Article 26, Section 4).

15       Hendrix's employment at Berkeley Farms ended on or about November 6, 2011.  (RJN

16 ¶¶ 2-3 , Tate Dec. ¶¶ 4-5, Exs. 2-3 ).  Hendrix alleges Berkeley Farms terminated his employment

17 without cause as required by the CBA.  (Complaint ¶ 29).  Though Hendrix alleges he was

18 improperly terminated from his employment at Berkeley Farms, he does not allege that he followed

19 any aspect of the grievance procedures as set forth in Article 26 of the CBA to grieve his alleged

20 termination.  (Complaint ¶¶ 6-8).  The only reference to Article 26 appears to be a grievance that

21 Hendrix submitted prior to his alleged termination.  (Complaint ¶¶ 1-3).  But, Hendrix does not

22 allege this grievance related to his termination.  (Complaint ¶¶ 1-3).

23       Without complying with the grievance procedures in the CBA, Hendrix filed his civil court

24 complaint on July 14, 2014, in Alameda County Superior Court, alleging three causes of action

25 against Berkeley Farms for breach of contract, intentional infliction of emotional distress, and

26 breach of the implied covenant of good faith and fair dealing.  Hendrix has not alleged any breach

27 of duty against his union, Teamsters Local 853.  On August 13, 2014, Berkeley Farms removed the

28 action to the Northern District of California.  (Doc. No. 1).

DEFENDANT BERKELEY FARMS, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF ITS MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)

1   III.   **ARGUMENT**

2       Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, this Court may dismiss

3   claims that fail to allege a "cognizable legal theory" or "sufficient facts … under a cognizable legal

4   theory." *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1988) *citing Robertson v.*

5   *Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533-34 (9th Cir. 1984).  A Rule 12(b)(6) motion should

6   be granted when, accepting the plaintiff's factual allegations as true and drawing all reasonable

7   inferences in plaintiff's favor, the plaintiff has still failed to state a claim for which relief can be

8   granted.  *Anderson v. Clow,* 89 F.3d 1399, 1403 (9th Cir. 1996).  To survive a motion to dismiss, a

9   complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

10  plausible on its face.  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556-557 (2007).

11      Generally, when making the determination whether to dismiss pursuant to Rule 12(b)(6), a

12  district court may not consider any material beyond the pleadings.  *Branch v. Tunnel,* 14 F.3d 449,

13  453 (9th Cir. 1994).  However, a document outside the complaint is not "extrinsic to it" and does

14  not convert a motion to dismiss into a motion for summary judgment where, as here, a "plaintiff

15  fails to introduce a pertinent document as part of his pleading, [in which case the] defendant may

16  introduce the exhibit as part of his motion attacking the pleading."  *Branch,* 14 F.3d at 453.  This

17  principle has been extended to other documents, references to which are deliberately omitted from

18  the complaint, but upon which the complaint necessarily relies, including a collective bargaining

19  agreements.  *Bachilla v. Pacific Bell Telephone Co.* 2007 WL 2825924 *5, *10 (E.D. Cal. 2007)

20  (granting dismissal of plaintiffs' claims for breach of implied contract when they were subject to a

21  CBA offered by defendants in support of defendants' motion to dismiss *citing Parrino v. FHP,*

22  *Inc.,* 146 F.3d 699, 706 (9th Cir. 1998) (holding that the court properly considered ERISA plan

23  documents filed in support of defendant's 12(b)(6) motion in an action removed on ERISA

24  preemption)); *Stewart v. Leland Stanford Junior University* 2006 WL 889437 *1, *5 (N.D. Cal.

25  2006) (granting defendants' motion to dismiss with prejudice relying, in part, on the CBA offered

26  in support of defendants' motion).  Where an allegation rests upon the interpretation of a document

27  that is not attached to the complaint, the defendant may attach the document to his Rule 12(b)(6)

28  motion, even if the plaintiff's complaint does not explicitly refer to it.  *Parrino,* 146 F.3d at 706.

DEFENDANT BERKELEY FARMS, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF ITS MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)

**A.** **Hendrix's Second And Third Causes Of Action Are Barred By The Statute Of Limitations.**

Hendrix's second cause of action for intentional infliction of emotional distress and third cause of action for breach of the covenant of good faith and fair dealing are governed by the two-year statute of limitations applicable to personal injury claims—section 335.1 of the Code of Civil Procedure. *Pugliese v. Superior Court*, 146 Cal. App. 4th 1444, 1450 (2007); *Hall v. FedEx Freight, Inc.*, 1:13-CV-01711 -SKO, 2014 WL 3401386 (E.D. Cal. July 11, 2014) ("[A] claim for breach of the implied covenant of good faith and fair dealing has a two-year statute of limitation arising out of a tort theory, and four years when predicated on a contract theory."). Berkeley Farms allegedly terminated Hendrix's employment on or about November 6, 2011. (RJN, Exs. 2-3; Tate Dec. ¶¶ 4-5, Exs. 2-3). As such, Hendrix had until November 6, 2013 to bring these two causes of action against Berkeley Farms. He failed to do so, and therefore, his second and third causes of action are barred by Section 335.1 of the California Code of Civil Procedure. Berkeley Farms requests the Court dismiss these two causes of action with prejudice.

**B.** **Hendrix's First and Third Causes of Action Are Preempted By Section 301 And Cannot be Asserted in this Action.**

Federal labor law preempts Hendrix's claim for breach of contract and breach of the covenant of good faith and fair dealing because they arise out of his termination, which is governed by the CBA, and thus would require interpretation of the CBA. For over a half-century, federal courts have interpreted section 301 of the Labor Management Relations Act to preempt state contract law claims against an employer that implicate the terms of a collective bargaining agreement. *Teamsters v. Lucas Flour Co.,* 369 U.S. 95, 103-104 (1962). "The preemptive force of section 301 is so powerful as to displace entirely any state cause of action for violation of a collective bargaining agreement." *Paige v. Henry J. Kaiser Co.*, 826 F.2d 857, 861 (9th Cir. 1987) (holding that plaintiffs' two claims for wrongful discharge based on state law, including claims of unsafe working conditions and internal complaints made regarding such conditions, were completely preempted by section 301).

/ / /

DEFENDANT BERKELEY FARMS, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)

1    Section 301 preempts claims that "are based directly on rights created by a collective

2  bargaining agreement as well as claims that are substantially dependent on an interpretation of a

3  collective bargaining agreement." *Niehaus v. Greyhound Lines, Inc.,* 173 F.3d 1207, 1211 (9th Cir.

4  1999) *citing Beals v. Kiewit Pacific Co., Inc.,* 114 F.3d 892, 894 (9th Cir. 1997)); *Chmiel v.*

5  *Beverly Wilshire Hotel Co.,* 873 F.2d 1283, 1285 (9th Cir. 1989) (Plaintiff's claim that his

6  employer entered into express or implied contract guaranteeing termination only for good cause,

7  independent of the collective bargaining agreement, was properly subjected to complete

8  preemption under section 301). "The Ninth Circuit has explained numerous times that § 301a

9  preempts state law breach of contract claims involving job positions covered by the collective

10  bargaining agreement." *Bloom v. Universal City Studios, Inc.,* 734 F. Supp. 1553, 1558 (C.D. Cal.

11  1990) (granting defendant's motion for summary judgment and holding that plaintiff's claims for

12  breach of oral contract were properly preempted by section 301, and therefore properly dismissed

13  on plaintiff's failure to exhaust administrative remedies under the CBA).  Hendrix's employment

14  with Berkeley Farms was governed by a CBA, not an express or implied-in-fact contract, and his

15  claims require interpretation of the CBA.  Therefore his claims are preempted by section 301 of the

16  LMRA.

17    Once preempted, allegations sufficiently pled are allowed to move forward if able to be

18  recharacterized as a section 301 claim. *Swiekiewics v. Sorema N.A.,* 534 U.S. 506, 513, 515

19  (2002); *Greenly v. Sara Lee,* 2006 WL 2837252, *6 (E.D. Cal. 2006).  Though not adequately pled,

20  even if his claims were recharacterized under section 301, Hendrix's claims are still subject to

21  dismissal.

22    Hendrix's first cause of action alleges that he was a party to an express and implied-in-fact

23  employment contract, independent of the CBA, that:  he would continue his employment

24  indefinitely as long as he carried out his duties in a proper and competent manner, and paid his

25  union dues; and that he would not be demoted, discharged, or otherwise disciplined, for other than

26  good cause.  (Complaint ¶¶ 14(A)-(B)).  Hendrix's third cause of action alleges he had an

27  "employment agreement" with Berkeley Farms.  (Complaint ¶ 37).  Independent agreements

28  regarding employment conditions between employers and union-member employees in a

DEFENDANT BERKELEY FARMS, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF ITS MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)

1    collectively-bargained workplace, such as the express and implied-in-fact agreement Hendrix

2    alleges in his Complaint, are precluded by law. *N.L.R.B. v. Allis-Chalmers Mfg. Co.*, 388 U.S. 175,

3    180 (1987) ("National labor policy . . . extinguishes the individual employee's power to order his

4    own relations with his employer and creates a power vested in the chosen representative to act in

5    the interests of all employees."); *Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1015

6    (9th Cir. 2000) ("We have previously held that where the position in dispute is 'covered by the

7    CBA, the CBA controls any claims seeking to enforce the terms of [an agreement] are

8    preempted.'" *citing Audette v. ILWO Local 24*, 195 F.3d 1107, 1112 (9th Cir. 1999) brackets in

9    *Aguilera*). "The collective bargaining agreement states the rights and duties of the parties. It is

10   more than a contract; it is a generalized code to govern a myriad of cases which the draftsmen

11   cannot wholly anticipate." *United Steel Workers of America v. Warner and Gulf Navigation Co.*,

12   363 U.S. 574, 578 (1960). A state law breach of contract claim therefore cannot be stated where,

13   as here, the plaintiff's employment is admittedly governed by a collective bargaining agreement

14   governing the same subject matter. *Chmiel*, 873 F.2d at 1285 (Plaintiff's claim regarding

15   independent oral agreement with employer were subject to 301 preemption).

16   **C.    Hendrix Has Not Alleged a Claim for Breach of the Union's Duty of Fair
             Representation and any Such Claim is Now Time Barred.  Therefore, His
17           Breach of Contract Claim Against Berkeley Farms Must Fail.**

18          In order for an employee to recover under section 301, Hendrix must also show that his

19   union breached its duty of fair representation. *Chauffeurs, Teamsters and Helpers, Local No. 391 v.*

20   *Terry*, 949 U.S. 558, 564 (1990). Hendrix cannot sustain a federal claim for breach of the CBA

21   against Berkeley Farms because an employer may be held liable for breach of a bargaining

22   agreement only if the employee can first show that the union breached its duty of fair

23   representation. *Bliesner v. Commc'n. Workers of Am.*, 464 F.3d 910, 913 (9th Cir. 2006) (In

24   granting summary judgment to the employer, court held, "In order to prevail in [a hybrid section

25   301/duty of fair representation] suit, the plaintiff must show that the union and the employer have

26   both breached their respective duties.")  This is so because claims against an employer are

27   "inextricably interdependent" with claims against a union. *Vaca v. Sipes*, 386 U.S. 171, 184-186

28   (1967); *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 164-165 (1983).

1   Though a plaintiff is not required to sue the union in order to bring a claim against an employer, he

2   is still required to "carry the burden of demonstrating a breach of duty by the Union." *DelCostello*,

3   462 U.S. at 165. "To prevail against either the company or the Union, [plaintiff] must not only

4   show that [the adverse employment action] was contrary to the [CBA] but must also carry the

5   burden of demonstrating breach of duty by the Union." *Hines v. Anchor Motor Freight, Inc.,* 424

6   U.S. 554, 570-71 (1976) (reversing prior dismissal of the employer pending determination of

7   whether plaintiffs could maintain an action against their local union for breach of the duty of fair

8   representation). Nowhere in Hendrix's Complaint does he even allege any breach by the

9   Teamsters for failure to represent him, and he cannot remedy this failure now because the statute of

10   limitations for such a claim has run.

11       Claims arising out of a Union's alleged violation of its statutory duty of fair representation

12   are subject to preemption under section 301. *Vaca*, 386 U.S. at 177; *Allis-Chalmers Corp. v.*

13   *Lueck*, 471 U.S. 202 (1985). Section 301 claims are subject to a six-month statute of limitations.

14   *DelCostello*, 462 U.S. at 169-172; *Stallcop v. Kaiser Foundation Hosp.*, 820 F.2d 1044, 1049 (9th

15   Cir. 1987) (affirming the district court's judgment that the wrongful discharge causes of action

16   were properly preempted by section 301 and that they were barred by the applicable 6-month

17   statute of limitations). Hendrix was terminated from employment on or about November 6, 2011.

18   (RJN ¶¶ 2-3, Tate Dec. ¶¶ 4-5, Exs. 2-3). The statutory period for a section 301 claim begins to run

19   when a plaintiff is aware the union will not assist him or her in a dispute. *Stallcop*, 820 F.2d at

20   1049. Therefore, based on his November 6, 2011 termination date, Hendrix was required to bring

21   an action for the Union's breach of duty by May 2012. Hendrix raised no such claim.

22       Further, Hendrix has no grounds for any tolling provisions, and therefore any such claim for

23   breach of the duty of fair representation is barred by the statute of limitations. *Stallcop,* 820 F.2d at

24   1049-1050 (finding no equitable grounds for tolling and dismissing the action for failure to exhaust

25   administrative remedies); *Knowles v. Pacific Gas & Electric Co.*, 2008 WL 2705097 *7-*8 (N.D.

26   Cal. 2008) (evaluating equitable estoppel, equitable tolling, and relation back and granting

27   defendant employer's motion to dismiss, without leave to amend for failure to state a claim, and as

28   time-barred). Because Hendrix does not have a viable claim against the Teamsters, his section 301

DEFENDANT BERKELEY FARMS, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF ITS MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)

1    claims against Berkeley Farms must fail. *Id.*, at *7 (granting dismissal against both the employer

2    and union and holding that because plaintiffs did not have a viable claim against the union,

3    plaintiffs' section 301 claims against the employer must fail).

**D.    Hendrix's First and Third Causes of Action Are Barred by His Failure to Exhaust His Contractual Remedies.**

6    Hendrix cannot maintain his first or third causes of action against Berkeley because he has

7    failed to exhaust the grievance procedures as set forth in Article 26 of the CBA, and therefore his

8    first cause of action is subject to dismissal. "An employee seeking a remedy for an alleged breach

9    of the collective bargaining agreement between his union and employer must attempt to exhaust

10   any exclusive grievance and arbitration procedures before he may maintain a suit against his union

11   or employer . . . ." *O'Sullivan v. Longview Fibre Company,* 993 F. Supp. 743, 747 (N.D. Cal.

12   1997) (granting employer's motion for summary judgment and holding (1) that employee's breach

13   of contract claim alleging that the employer did not have just cause to discharge him was

14   preempted by the LMRA; (2) employee was not excused from completing grievance procedures of

15   the CBA before bringing a breach of contract claim against the employer; and (3) the hybrid action

16   under the LMRA was governed by a six-month statute of limitations). Before bringing a section

17   301 claim, "it is settled that the employee must at least attempt to exhaust exclusive grievance and

18   arbitration procedures established by the bargaining agreement." *Vaca, supra,* 386 U.S. at 184-

19   186; *Knowles,* 2008 WL 2705097 at *7; *Soremekun v. Thrifty Payless, Inc.,* 509 F.3d 978, 985-986

20   (9th Cir. 2007) (affirming dismissal of claims against employer for failure to exhaust

21   administrative remedies under the CBA and holding: "an employee seeking to vindicate personal

22   rights under a collective bargaining agreement must first attempt to exhaust any mandatory or

23   exclusive grievance procedures provided in the agreement"); *United Paperworkers Int'l Union v.*

24   *Misco, Inc.* 484 U.S. 29, 37 (1987) ("The courts have jurisdiction to enforce collective-bargaining

25   contracts; but where the contract provides grievance and arbitration procedures, those procedures

26   must first be exhausted and courts must order resort to the private settlement mechanisms without

27   dealing with the merits of the dispute."). An employee "in a position with access to a CBA-

28   sanctioned grievance procedure cannot state an individual claim for breach of contract under state

9                                      Case No.  4:14-cv-03659-VC

1 law.  Such a claim is necessarily preempted by § 301."  *Price v. Georgia-Pacific Corp.*, 99 F.

2 Supp.2d 1162, 1166 (N.D. Cal. 2000).

3       To satisfy the exhaustion requirement and be able to proceed in a lawsuit against an

4 employer, an employee must allege two things:  first, that the employer breached the collective

5 bargaining agreement, and second, that the labor union breached its duty of fair representation to

6 the employee.  *DelCostello*, 462 U.S. at 165.  "Failure to utilize the grievance procedures, or to

7 invoke them in a timely manner, bars grievants from pursuing remedies in court."  *Carr v. Pacific*

8 *Maritime Association*, 904 F.2d 1313, 1319 (9th Cir. 1990) (affirming the district court's grant of

9 summary judgment on plaintiffs' claims against various unions and participants in an employment

10 contract for failure to exhaust grievance procedures).  Here, Hendrix has entirely failed to adhere to

11 the contractual remedies directed by the CBA and therefore his claims are barred.

12       As addressed above, Article 26 of the CBA directs the grievance procedures governing

13 Hendrix's employment with Berkeley Farms.  Hendrix does not plead, nor can he, that he

14 exhausted the grievance procedures set forth in Article 26 of the CBA.  And, as discussed in the

15 prior section, because Hendrix failed to plead exhaustion of administrative remedies, Hendrix's

16 claims must fail.  *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 1002 (9th Cir. 1987).

17     **E.**    <u>**Hendrix's Second Cause Of Action Also Fails To State A Claim Upon Which**</u>
<u>**Relief Can Be Granted And Thus Must Be Dismissed With Prejudice.**</u>

18

19         **1.**    **Hendrix Must Plead Facts Demonstrating That He Has a Plausible Basis**
**for Relief.**

20       The Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007),

21 and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), have clarified a plaintiff's burden at the pleading stage.

22 Together, they hold that "[t]o survive a motion to dismiss, a complaint must contain sufficient

23 factual matter, accepted as true, to state a claim for relief that is plausible on its face."  *Twombly*,

24 550 U.S. at 570, *Iqbal*, 556 U.S. at 678 at 1949 (internal quotation marks omitted).  "A claim has

25 facial plausibility when the plaintiff pleads factual content that allows the court to draw the

26 reasonable inference that the defendant is liable for the misconduct alleged."  *Twombly*, 550 U.S. at

27 556, *Iqbal*, 556 U.S. at 678.  A "sheer possibility that the defendant has acted unlawfully" is

28 insufficient.  *Twombly*, 550 U.S. at 556, *Iqbal*, 556 U.S. at 678.

    Case No.  4:14-cv-03659-VC

1    Moreover, "the tenet that a court must accept as true all of the allegations contained in a

2  complaint is inapplicable to legal conclusions." *Twombly*, 550 U.S. at 555, *Iqbal*, 556 U.S. at 678.

3  Thus, to avoid dismissal at the pleading stage, the complaint must contain well-pleaded *factual*

4  allegations which plausibly give rise to an entitlement to relief. *Iqbal*, at 1950. "Threadbare

5  recitals of the elements of a cause of action, supported by mere conclusory statements, do not

6  suffice." *Twombly*, 550 U.S. at 555, *Iqbal*, 556 U.S. at 678.

7    The *Twombly* and *Iqbal* decisions prescribe a two-step process for analyzing the sufficiency

8  of a complaint. First, the court must identify the allegations in the complaint that are not entitled to

9  the assumption of truth. In particular, the court must disregard "labels and conclusions," "a

10  formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further

11  factual enhancement." *Twombly*, 550 U.S. at 555, 557; *Iqbal*, 562 U.S. at 678. Second, the court

12  must consider the remaining factual allegations in the complaint to determine if they plausibly

13  suggest an entitlement to relief. Facts that are merely consistent with a defendant's liability "stop[]

14  short of the line between possibility and plausibility of entitlement to relief." *Twombly*, 550 U.S. at

15  557, *Iqbal*, 562 U.S. at 678 (internal quotation marks omitted). Rather, "factual allegations must

16  be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Only

17  then do they fulfill the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that the

18  complaint provide the defendant with "fair notice of what the . . . claim is and the grounds upon

19  which it rests." *Id.*

20        **2.    Hendrix's Intentional Infliction of Emotional Distress Cause of Action**
21              **Fails to Plead Facts Establishing a Plausible Basis for Relief.**

22    In addition to being time barred, as explained above, Hendrix's second cause of action for

23  Intentional Infliction of Emotional Distress ("IIED") fails as a matter of law. The only non-

24  conclusory allegation in support of this claim is Hendrix's claim that "Defendants knew of Plaintiff's

25  fragile emotional state based on the harassment and the forklift incident." Plaintiff then alleged

26  "Defendants through their management and supervisors showed a callous disregard for Plaintiff's

27  emotional state and intentionally inflicted anxiety on Plaintiff."

28  / / /

DEFENDANT BERKELEY FARMS, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF ITS MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)

1    However, to plead a cause of action for IIED, Hendrix must show: (1) extreme and

2    outrageous conduct that is directed at the plaintiff, (2) the intention to cause, or acting in conscious

3    disregard of the probability of causing, emotional distress, (3) severe emotional distress, (4) actual

4    and proximate cause of the emotional distress, and (5) consequential damages caused by the

5    emotional distress. *Christensen v. Super. Ct.,* 54 Cal. 3d 868, 903–905 (1991). Here, Hendrix does

6    not plead facts sufficient to establish any of these elements.

7          **3.    Plaintiff Cannot Show that Berkeley Farms' Actions Were Extreme and
8                   Outrageous or That He Suffered Emotional Distress.**

9          The first element of an IIED claim is conduct "so extreme and outrageous 'as to go beyond

10   all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a

11   civilized community.'" *Alcorn v. Anbro Engineering, Inc.,* 2 Cal. 3d 493, 499 n.5 (1970) (internal

12   quotation omitted). The Restatement provides that "[o]ne who by extreme and outrageous conduct

13   intentionally or recklessly causes severe emotional distress to another is subject to liability for such

14   emotional distress . . . ." Restatement 2d of Torts § 46(1).

15         Here, Hendrix does not allege any facts that would tend to show such "extreme and

16   outrageous" conduct. Hendrix conclusorily alleges he had a fragile emotional state based on

17   harassment and a "forklift incident." (Complaint ¶ 34). Hendrix provides no facts describing the

18   alleged harassment or the forklift incident. Without more, these acts cannot be regarded as

19   "atrocious" and "utterly intolerable." *Alcorn,* 2 Cal. 3d at 499 n.5.

20         Hendrix also fails to show that he suffered emotional distress. The complaint must plead

21   specific facts that establish severe emotional distress resulting from defendant's conduct.

22   *Michaelian v. State Comp. Ins. Fund,* 50 Cal. App. 4th 1093, 1114 (1996); *see also Bogard v.*

23   *Employers Casualty Co.,* 164 Cal. App. 3d 602, 617 (1985) (demurrer to IIED cause of action

24   properly sustained where plaintiff "… failed to set forth any facts which indicate the nature or

25   extent of any mental suffering incurred as a result of Employer's alleged outrageous conduct."). In

26   his Complaint, Hendrix fails to allege any facts that he suffered "severe emotional distress," an

27   essential element of the cause of action. Restatement 2d of Torts § 46(1).

28   / / /

DEFENDANT BERKELEY FARMS, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF ITS MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)

1

### 4. Hendrix's IIED Claim is Barred by the Exclusivity of the Workers' Compensation Laws.

2

3      Hendrix's intentional infliction of emotional distress further fails as a matter of law because

4  claims for intentional infliction of emotional distress caused by the employer's conduct in

5  employment actions are subject to the exclusive remedy of the workers' compensation law.  Labor

6  Code § 3200, *et seq.*; *Cole v. Fair Oaks Fire Protection Dist.,* 43 Cal. 3d 148, 159-160 (1987);

7  *Livitsanos v. Super. Ct.*, 2 Cal. 4th 744, 754 (1992); *Shoemaker v. Myers*, 52 Cal. 3d 1, 25 (1990)

8  (supervisor's alleged "intentional, malicious and outrageous" conduct was covered by workers'

9  compensation exclusivity provision, as discipline was part of employment relationship).

10  Accordingly, Hendrix's second cause of action for intentional infliction of emotional distress,

11  based on employment-related actions that were "part of the normal risk of employment," should be

12  dismissed because Hendrix's sole remedy lies within the workers' compensation scheme.

13  **F.      Hendrix's Third Cause of Action is Superfluous and Must be Dismissed.**

14      Besides being time barred, Hendrix's third cause of action for breach of the covenant of

15  good faith and fair dealing is superfluous to his first cause of action for breach of contract.  Under

16  California law, there is no separate measure of recovery for the implied covenant theory.  *Guz v.*

17  *Bechtel Nat'l Inc.* 24 Cal. 4th 317, 352 (2000).  This is because the remedy for breach of an

18  employment contract includes the covenant of good faith and fair dealing implied in the

19  employment contract.  *Id.*  "There is no tort of 'bad faith breach' of an employment contract." *Guz*,

20  24 Cal. 4th at 352; *Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 699–700 (1988).   Thus,

21  Hendrix's third cause of action for breach of the covenant of good faith and fair dealing is

22  superfluous and there is not additional liability.  *Guz*, 24 Cal. 4th at 352; *Careau & Co. v. Security*

23  *Pac. Business Credit, Inc.*, 222 Cal. App. 3d 1371, 1395 (1991).

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

DEFENDANT BERKELEY FARMS, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF ITS MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)

1  **IV.**   **CONCLUSION**

2         For all of the foregoing reasons, defendant Berkeley Farms respectfully requests this Court

3  dismiss Hendrix's Complaint and each cause of action pursuant to FRCP 12(b)(6).  Further,

4  because no amendment to his Complaint will correct Hendrix's pleading deficiencies, Berkeley

5  Farms requests that such dismissal be granted without leave to amend.

6

7  DATED:  August 20, 2014                     OGLETREE, DEAKINS, NASH, SMOAK &
                                              STEWART, P.C.
8

9
                                             By:   /s/ *Thomas M. McInerney*
10                                                 Thomas M. McInerney
                                                   Jill V. Cartwright
11
                                             Attorneys for Defendant
12                                           BERKELEY FARMS, LLC

13

14                                                                              18615136.4

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                     14                     Case No.  4:14-cv-03659-VC

1 | Thomas M. McInerney CA Bar No. 162055
tmm@ogletreedeakins.com
2 | Jill V. Cartwright CA Bar No. 260519
jill.cartwright@ogletreedeakins.com
3 | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Steuart Tower, Suite 1300
4 | One Market Plaza
San Francisco, CA 94105
5 | Telephone:    415.442.4810
Facsimile:    415.442.4870
6 |
7 | Attorneys for Defendant
BERKELEY FARMS, LLC
(erroneously sued as BERKELEY FARMS INC.)
8 |

9 | **UNITED STATES DISTRICT COURT**

10 | **NORTHERN DISTRICT OF CALIFORNIA**

11 |

| | |
|---|---|
| CLINTON HENDRIX | Case No. 4:14-cv-03659-VC |
| Plaintiff, | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF BERKELEY FARMS, LLC'S MOTION TO DISMISS** |
| v. | |
| BERKELEY FARMS INC. and DEAN FOODS INC. and DOES 1-100, | Date:    September 25, 2014 |
| | Time:    10:00 a.m. |
| Defendant. | Location:  Courtroom 4, 17th Floor |
| | |
| | Complaint Filed:  July 14, 2014 |
| | Trial Date:    Not Set |

1       Defendant Berkeley Farms, LLC (erroneously sued as BERKELEY FARMS INC.)

2 respectfully submits the following Request for Judicial Notice of exhibits offered in support of

3 Berkeley Farms, LLC's Motion to Dismiss.  The Court may take notice of facts that are capable of

4 accurate and ready determination from sources whose accuracy cannot reasonably be questioned.

5 Fed. R. Evid. 201(b)(2).  Accordingly, Berkeley Farms hereby requests that this Court take judicial

6 notice of the follow documents pursuant to Federal Rules of Evidence 201:

7       1.  The collective bargaining agreement between Berkeley Farms and Local Unions 137,

8           315, 386, 517, 853, and 890 affiliated with the International Brotherhood of Teamsters;

9           attached as Exhibit 1 to the Declaration of Gennifer Taylor concurrently served with

10          this Request for Judicial Notice.

11       2.  Charge of Discrimination No. 846-2012-55720 filed with the U.S. Equal Employment

12           Opportunity Commission on or about June 14, 2012; attached as Exhibit 2 to the

13          Declaration of Gennifer Taylor.

14       3.  Charge of Discrimination No. 846-2012-55720 filed with the U.S. Equal Employment

15           Opportunity Commission on or about June 19, 2012; attached as Exhibit 3 to the

16          Declaration of Gennifer Taylor.

17       4.  Plaintiff Clinton Hendrix's Complaint filed in Alameda County Superior Court, Case

18           No. HG14732618, which is attached as Exhibit A to Document No. 1 in this Court's

19          record.

20       A court may take judicial notice of certain documents outside the pleadings when

21 considering a motion to dismiss pursuant to FRCP 12(b)(6) without converting the motion into a

22 motion for summary judgment.  *United States v. Ritchie*, 342 F.3d 903, 908-909 (9th Cir. 2003).

23 The court need not accept as true allegations that contradict facts which may be judicially noticed

24 by the court.  *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).  Among

25 documents outside the pleadings that may be considered by the court are the EEOC Charges and

26 public records.  *Gallo v. Regents of the University of California*, 916 F. Supp. 1005, 1007-1008

27 (S.D. Cal. 1995).

28       Moreover, judicial notice is proper under Federal Rule of Evidence 201 for facts that are

1  not subject to reasonable dispute because they "can be accurately and readily determined from

2  sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *Intri-Plex*

3  *Technologies, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007). "The court must take

4  judicial notice if a party requests it and the court is supplied with the necessary information." FRE

5  201(d).

6       Lastly, documents on which a complaint is based, where the contents of that document are

7  alleged in the complaint, may be attached to a 12(b)(6) motion by the defendants and considered by

8  the Court. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 (9th Cir. 1990)

9  (court may consider materials attached to the complaint); *Venture Associates v. Zenith Data*

10 *Systems Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) (court may consider materials referred to in the

11 complaint and central to the claim(s)); *Gallo*, 916 F. Supp. at 1007. As the collective bargaining

12 agreement and the EEOC charges identified above fall into one or more of these categories,

13 Berkeley Farms respectfully requests the Court take judicial notice of them in considering

14 defendant's motion.

15      The Court is also authorized pursuant to Federal Rule of Evidence 201(b) to take judicial

16 notice of the Complaint filed in this action. *See Crane v. Fargo*, Case No.: CV 13-01932 KAW,

17 2014 WL 1285177, at *2 (N.D. Cal. March 24, 2014) (court may take judicial notice of matters of

18 public record) (citations omitted). Accordingly, Berkeley Farms, LLC requests the Court take

19 judicial notice of the requested items.

20

21 DATED: August 20, 2014                OGLETREE, DEAKINS, NASH, SMOAK &
                                         STEWART, P.C.
22

23

24                                       By:  /s/ Thoms M. McInerney
                                              Thomas M. McInerney
25                                            Jill V. Cartwright

26                                       Attorneys for Defendant
                                         BERKELEY FARMS, LLC
27

28                                                           18706309.1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CLINTON HENDRIX,

            Plaintiff,

    v.

BERKELEY FARMS LLC, et al.,

            Defendant.

Case No. <u>14-cv-03659-VC</u>

**ORDER**

      On August 20, 2014, Defendants filed a motion to dismiss. (Docket No. 10). Plaintiff's response was due September 3, 2014. As of the date of this Order, the Court has not received any response (or any other communication) from Plaintiff. Accordingly, Plaintiff is directed to file a response within seven days of this Order, or the case will be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

      **IT IS SO ORDERED.**

Dated: September 16, 2014

VINCE CHHABRIA
United States District Judge

United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

## CIVIL MINUTES

| Date: September 25, 2014 | Time: 2 minutes | Judge: VINCE CHHABRIA |
|---|---|---|
| Case No.: 14-cv-03659-VC | Case Name: Hendrix  v.  Berkeley Farms LLC | |

**Attorney for Plaintiff:** No appearance
**Attorney for Defendant:** Thomas McInerney

**Deputy Clerk:** Kristen Melen          **FTR Recording:** 10:06- 10:08

## PROCEEDINGS:

Hearing held re Motion to Dismiss.

## ORDER AFTER HEARING:

For the reasons stated on the record, the Motion to Dismiss is GRANTED with prejudice.

**FILED**

1   Name and Address  Clinton Hendrix

JAN 26 2016

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

2   23 PARK Circle

3   Marin City, CA 94965

4

5                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA
6

7                                    )
8                                    )   Case No. 14-CV-03659-VC
9   Clinton Hendrix                  )
        Plaintiff/Petitioner         )   Document Name:
10                                   )
11  VS.                              )
                                     )   Request To
12                                   )   ReOpen Case
13  Berkeley Farms                   )
        Defendant/Respondent         )
14                                   )

15  _____      Claim involves
16                                   Contract, libel, Fraud
17
18
19
20
21
22
23
24
25
26
27
28

Honorable Magistrate,

Statue of limitations has expired. And, I am requesting for an extension of time period because the cause of Action involves a contract, personal injury, libel, Fraud; and other claims.

I have provided you with my medical documents as evidence severe depression from my Qualified Medical Examiner.

I have also provided case summary from State Courts including letter from the attorney that was representing me.

Attorney states he had a Heart Attack and he is always going to the VA hospital for his personals. But he does not withdraw from helping me.

Attorney being misleading... I do not know why case was removed from State Court. Then, place into Federal Court with no attorney representation. Your extension could grant me time for Union Lawyer's to represent me

I Pray that you grant me the mercy of the court for an extension of the time period. Please do not allow Berkeley Farms the opportunity to get away with fraud. Please deny them any argument of statue of limitations.

Thank you,

Clinton Hendrix
01/26/2016

# Richard A. Nolan, M.D., Inc.

Orthopedic Surgery
Physiatry
Family Practice

2100 Otis Drive, Suite B
Alameda, CA. 94501

Telephone (510) 523-4040

Richard A. Nolan, M.D.
Marina. V. Bulatov, M.D.
William Ribeiro, M.D.
Robert J. Estis, PAC

August 7, 2012

**RE:**     **HENDRIX, Clinton**
DOB:     3/3/69
SSN:     xxx-xx-8206

## ORTHOPEDIC CONSULTATION

**HISTORY**

Mr. Clinton Hendrix is a 43-year-old, right-hand-dominant unemployed machine operator, who has been seen in this office previously for problems with his left knee. He returns now with problems with anxiety and depression arising out of his loss of work, which occurred on 11/9/11. This consisted of an episode of verbal abuse, followed by aggressive physical action towards him by the superintendent, Mr. Cheung at the Berkeley Farms plant in Hayward, California.

The incident took place in a meeting with the superintendent, safety manager, and filling room crew. Mr. Hendrix was in the meeting, which was over a Cache Creek magazine that he had brought to work and which was in the work area. He found it in the trash can and picked it back out, thinking that another machine operator had thrown it in the trash can. He left it in the work area and was gone from work for two days, and when he came back, he and the other employee had an exchange. The other employee told him he would throw it away again, jesting with him. He went to the meeting which was called. The superintendent had said nothing about it. During the meeting, the superintendent had the magazine behind his back under his coat. They were discussing the work left over from the day shift and what they had to do that night, saying that overtime would be necessary. Mr. Cheung

Richard A. Nolan, M.D., Inc.
RE: **HENDRIX, Clinton**
August 7, 2012
Page 2

then said one more thing and pulled the magazine out from behind his
back. The superintendent was shouting with an angry face, "Who does
this?" Mr. Hendrix acknowledged that the magazine was his and told the
superintendent not to talk to him that way and could they go into the
office and discuss it? The superintendent kept yelling. Mr. Hendrix
decided to take the magazine, put it in his locker, and go to work. When
he took the magazine from the superintendent, the superintendent
suddenly yanked it back and continued to make angry gestures, growling
at him. Mr. Hendrix reported the incident to Human Resources. When
he walked down the hallway, he encountered the superintendent again,
who was looking at him with a mean look, and he asked him not to talk
to him that way. Unfortunately, he used some profanity. He offered to
go home. He was going to send him home, and then he told him,
"There's the clock;" so he clocked out. When he clocked out, the
superintendent told him that he was suspended until further notice.

Seven days later he was called back by the plant manager, Mr. Minchey.
At that time he was written up for profanity and for having the magazine.
He asked whether anything was going to be done to the superintendent,
who was physically threatening him and verbally abusing him, and he
was told that he would have to go back on suspension if he wanted
anything else done. He subsequently was docked one week's pay. He
told his supervisor that he was going to have to go home. He called in
from 7/14 to 7/21 each day, saying he was out on stress from Peter
Cheung's violence. He returned to work, and then he had to do FMLA.
There was a big problem over the FMLA. He eventually was terminated
on 11/9/11.

**CHIEF COMPLAINT**

Since his termination, he has had anxiety and depression over the
threatening that he received and the jeopardy of his work. He has had
difficulty coping since that time. He has suffered anxiety over the event
and cannot let go. He talks about losing his friends because he cannot
let go. His union rep tells him that he is delusional about it. He is
feeling very aggressive and feels that he is on the brink of being out of
control from this. He called the suicide line that he was feeling suicidal.
He has had significant difficulty sleeping. He goes to sleep about 10:00,
wakes up at 2:00, and cannot go back to sleep. He has been spending
most of the time thinking about how he can get his job back and about
how this occurred. He lost his medical insurance and therefore cannot
go back to Kaiser. He has not had any medical treatment for this since

Richard A. Nolan, M.D., Inc.
RE: **HENDRIX, Clinton**
August 7, 2012
Page 3

that time.  He has been living off his savings.  The union was of no help
to him.  He went to the EEOC, who did a partial investigation but could
not complete the investigation at the time and therefore gave him a letter
to sue.  He is now currently looking for an attorney; however, he still has
significant difficulty coping with the anxiety associated with this and
depression over the results of it.

He notes that he has taken Remeron for sleep and that the night he
made the phone call he called to tell them that he was going to quit
dealing with them over this stuff.  He had taken a second one and could
not sleep, which appears to be an idiosyncratic reaction.  He is currently
not taking medication.  He previously did have one problem with anxiety
and depression when he was off work for his left knee surgeries and
financial difficulty, due to the duration of the treatment; however, he has
had no other problems with it.

**MEDICATIONS**

Denies.

**ALLERGIES**

Denies.

**PREVIOUS MEDICAL ILLNESSES**

Denies.

**SURGICAL HISTORY**

Left knee surgery x 5.  Vasectomy.

**SOCIAL HISTORY**

Single with two children ages 24 and 21.

**HABITS**

Alcohol:  Two beers a day.  Tobacco:  1-1/2 to 2 packs a day with the
anxiety.  Drugs:  Denies.

Richard A. Nolan, M.D., Inc.
RE: **HENDRIX, Clinton**
August 7, 2012
Page 4

## EDUCATIONAL LEVEL

High school diploma from Sunset High School, Hayward, California, 1987.
Chabot Community College, lacking one class from Associate of Arts degree.

## EMPLOYMENT HISTORY

Berkeley Farms six years as machine operator/assembler.
Galgon one year.
Hayward Unified School District as environmental engineer ten years.

## PHYSICAL EXAMINATION

Well-nourished, well-developed, male.  Pulse 72, blood pressure right arm 140/98.

During the course of the interview, he became hyperreactive describing the incident, has difficulty maintaining a course of thought, and at times rambles about the incident.

## IMPRESSION

⇨ Adjustment reaction with mixed anxiety and depression of mood (309.28).
⇨ Major depression, single episode (296.2).

## DISCUSSION

Mr. Hendrix is having difficulty dealing with issues revolving around the incident with Mr. Cheung.  Mr. Cheung no longer works at the plant, having been terminated several months after Mr. Hendrix left.

A Notice of Right to Sue (Issued on Request) was provided by the Oakland Local Office, 1301 Clay Street, Suite 1170 N, Oakland, CA 94612.  The EEOC Charge Number is 846-2012-55720.  The EEOC representative is Michelle Gienger, Investigator. Her telephone number is 510-637-3245.  The letter was signed by Kristine A. Jensen, Director, dated 8/6/12.  A copy of this was sent to Berkeley Farms at 25500 Clawiter Road, Hayward, CA 94545.

Richard A. Nolan, M.D., Inc.
RE: **HENDRIX, Clinton**
August 7, 2012
Page 5

Recommendations for Mr. Hendrix are to begin psychological counseling. We contacted Dr. Salais's office and put down the charges for him.

Cymbalta 30 mg will be taken one q.d. as an antidepressant. He will make certain he reads the brochure before taking the medication.

Mr. Hendrix has not been able to return to work since this incident began, having been terminated on 11/9/11 secondary to the entire incident and the anxiety reaction to this. He remains TTD until 9/30/12 to allow Dr. Salais to have a further handle on the situation to control the symptoms. Reevaluation will occur in two weeks to assess the Cymbalta.

**PLAN**

- Psychotherapy with Dr. Joseph Salais.
- Cymbalta 30 mg q.d.
- Bring copy of the incident to review and add to the chart.
- RTC in two weeks unless there is an acute problem—then he will return sooner.

It is noted that Mr. Hendrix lives across the street from the office and has easy access to the office.

Richard A. Nolan, M.D.

RAN/mn

**Progress Notes**
Hendrix, Clinton
**Patient ID:** HENCL000
**DOB:** 03/03/1969
**Age:** 46 years  **Gender:** M

03/24/2014

**Date:** 03/24/14 : 11:25am
**Title: OFFICE VISIT** - Left Knee Pain

**Patient:** Clinton Hendrix
**Date of Birth:** 03/03/69
**DOI:** 11/9/2011
**Mechanism of Injury:** private
**Insurance Carrier:** Private Pay

**SUBJECTIVE:**
This  45 year old male presents today with a chief complaint of Left Knee Pain.

**PROB 1: Depression**
Duration:  chronic since injury on 11/9/2011
Quality:  depression
Frequency:  constant
Severity:  Least: 8/10  Worst: 10/10
Causing Sleeplessness?:  yes several times per night
Alleviating factors: go for walks

**Current Medications:**  Per Chart
**Medication Allergies:**  Per Chart

**DISCUSSION:**

Mr. Hendrix continues with depression and anxiety, precipitated by being suspended from his place of employment. He has been dealing with these issues since 11/09/2011. He is followed by Dr. Salais for psychological counseling and the continues the use of Cymbalta 30 mg per day. He continues commonsense precautions in all activities while making an attempt to reorganize his life.

**PLAN:**

Continue activities to tolerance.
Continue current medications.
Continue follow up with Dr. Salais.
Return to clinic as needed.
He is released to regular work effective 03/24/2014.

#     SIGNED BY Robert E Estis, PAC  (RJE)     03/31/2014 05:08PM

Page: 1 of 1

Printed On: 01/22/2016

**Progress Notes**
Hendrix, Clinton
**Patient ID:** HENCL000
**DOB:** 03/03/1969
**Age:** 46 years   **Gender:** M

10/22/2015

**Date:** 10/22/15 : 02:16pm
**Title:** OFFICE VISIT - Depression

**Patient:** Clinton Hendrix
**Date of Birth:** 03/03/69
**DOI:** 11/9/2011
**Mechanism of Injury:** private
**Insurance Carrier:** Private Pay

**SUBJECTIVE:**
This 46 year old male presents today with a chief complaint of depression. He continues at a low activity level, living with his mother and working around the house, trying to organize his life. He still has difficulty making decisions regarding how he is going to do it.

**Current Medications:** Denies
**Medication Allergies:** NKDA, except mosquito bites on back, last year & this year. He lives in Marin City in a country environment.

**DISCUSSION:**
We discussed with him his current situation. He has gone and gotten an attorney to help him with the potential workers' comp aspect of his case; however, that is strictly potential with no certainty involved in it.

He has been online looking for work but has not found anything that he is willing to commit to. He has several options; however, he has difficulty committing to those. He has worked through employment agencies and for different companies and has established a good relationship with one food company; however, he is not certain that he can get back on there. He denies difficulty sleeping at night; however, he does have difficulty maintaining his concentration during the day hours. He was given a prescription on his first visit for an antidepressant; however, he did not fill it because he did not have the money. He does not remember the name, once again verifying his indecisiveness.

Following discussion, he is of the opinion that his depression is further controlled without the use of the medication. He feels that he is capable of returning to work and that he can interact with his fellow workers and take direction from the supervisors without getting agitated, irritable, or difficult to deal with. At this time he may be released to his usual and customary work activities for 10/26/15.

He still has the Wellbutrin prescription, which he can fill, getting reimbursement from his previous employer if he decides to move forward with this.

**WORK STATUS:**
Released to regular work 10/26/15.

Printed On: 01/22/2016

Page: 1 of 2

**Progress Notes**
Hendrix, Clinton
**Patient ID:** HENCL000
**DOB:** 03/03/1969
**Age:** 46 years  **Gender:** M

10/22/2015

**PLAN:**
Consider Wellbutrin SR 150.
Released to regular work activities as of 10/26/15.
RTC in six weeks, or sooner if necessary.

\#      SIGNED BY Richard A Nolan, MD  (RAN)      10/23/2015 04:17PM

**Progress Notes**
Hendrix, Clinton
**Patient ID:** HENCL000
**DOB:** 03/03/1969
**Age:** 46 years   **Gender:** M

10/22/2015

**Date:** 10/22/15 : 02:16pm
**Title:** OFFICE VISIT - Depression

**Patient:** Clinton Hendrix
**Date of Birth:** 03/03/69
**DOI:** 11/9/2011
**Mechanism of Injury:** private
**Insurance Carrier:** Private Pay

**SUBJECTIVE:**
This 46 year old male presents today with a chief complaint of depression. He continues at a low activity level, living with his mother and working around the house, trying to organize his life. He still has difficulty making decisions regarding how he is going to do it.

**Current Medications:** Denies
**Medication Allergies:** NKDA, except mosquito bites on back, last year & this year. He lives in Marin City in a country environment.

**DISCUSSION:**
We discussed with him his current situation. He has gone and gotten an attorney to help him with the potential workers' comp aspect of his case; however, that is strictly potential with no certainty involved in it.

He has been online looking for work but has not found anything that he is willing to commit to. He has several options; however, he has difficulty committing to those. He has worked through employment agencies and for different companies and has established a good relationship with one food company; however, he is not certain that he can get back on there. He denies difficulty sleeping at night; however, he does have difficulty maintaining his concentration during the day hours. He was given a prescription on his first visit for an antidepressant; however, he did not fill it because he did not have the money. He does not remember the name, once again verifying his indecisiveness.

Following discussion, he is of the opinion that his depression is further controlled without the use of the medication. He feels that he is capable of returning to work and that he can interact with his fellow workers and take direction from the supervisors without getting agitated, irritable, or difficult to deal with. At this time he may be released to his usual and customary work activities for 10/26/15.

He still has the Wellbutrin prescription, which he can fill, getting reimbursement from his previous employer if he decides to move forward with this.

**WORK STATUS:**
Released to regular work 10/26/15.

Printed On: 01/22/2016

Page: 1 of 2

**Progress Notes**
Hendrix, Clinton
**Patient ID:** HENCL000
**DOB:** 03/03/1969
**Age:** 46 years  **Gender:** M

10/22/2015

**PLAN:**
Consider Wellbutrin SR 150.
Released to regular work activities as of 10/26/15.
RTC in six weeks, or sooner if necessary.

\#      SIGNED BY Richard A Nolan, MD  (RAN)      10/23/2015 04:17PM

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CLINTON HENDRIX,

   Plaintiff,

  v.

BERKELEY FARMS LLC, et al.,

   Defendants.

Case No. 14-cv-03659-VC

**ORDER DENYING MOTION TO REOPEN**

Re: Dkt. No. 20

   Plaintiff Clinton Hendrix, proceeding pro se, has filed a motion to reopen, which the Court construes as a Fed. R. Civ. P. 60(b)(1) motion for relief from its final order of September 25, 2014, dismissing Mr. Hendrix's case with prejudice for failure to prosecute. Dkt. No. 15. Mr. Hendrix asserts that he suffers from depression and that his former attorney provided inadequate representation. Even if these circumstances might otherwise constitute excusable neglect, the Court dismissed Mr. Hendrix's case more than sixteen months ago. Mr. Hendrix's Rule 60(b)(1) motion is therefore untimely, and accordingly is denied. Fed. R. Civ. P. 60(c)(1).

   No further filings will be entertained in this closed case. Mr. Hendrix may contact the State Bar of California if he believes his former attorney acted unethically.

   **IT IS SO ORDERED.**

Dated: February 3, 2016

           VINCE CHHABRIA
           United States District Judge

United States District Court
Northern District of California

1

2

3

4                        UNITED STATES DISTRICT COURT

5                       NORTHERN DISTRICT OF CALIFORNIA

6

7    CLINTON HENDRIX,                          Case No. <u>14-cv-03659-VC</u>

                    Plaintiff,
8
                                               **CERTIFICATE OF SERVICE**
9         v.

10   BERKELEY FARMS LLC, et al.,

                    Defendants.
11

12        I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S.

13   District Court, Northern District of California.

14        That on February 3, 2016, I SERVED a true and correct copy(ies) of the attached, by

15   placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by

16   depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery

17   receptacle located in the Clerk's office.

18

19   Clinton Hendrix
     23 Park Circle
20   Sausalito, CA 94965

21

22   Dated: February 3, 2016

23

24                                             Susan Y. Soong
                                               Clerk, United States District Court
25

26

27   By:_____
                                               Kristen Melen, Deputy Clerk to the
28                                             Honorable VINCE CHHABRIA

                                     2

Exhibit B

-1-

Your Name: Clinton Hendrix

Address: 23 Park Circle Sausal

Phone Number: (415) 595-8289

Fax Number:

E-mail Address:

Pro Se Plaintiff

**FILED** 94965

FEB 13 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

MEJ

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

CV 18 935

Teamsters 853
Clinton Hendrix

Plaintiff,

vs.

Berkeley Farms Ful
Dean Foods

Defendant.

Case Number [leave blank]

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Yes ☒  No ☐

### PARTIES

1. Plaintiff. [Write your name, address, and phone number. Add a page for additional plaintiffs.]

Name: Teamsters 853

Address: 7750 Pardee Oakland CA 94621

Telephone: (510) 265-3380

COMPLAINT

PAGE ___ OF ___ [JDC TEMPLATE – Rev. 05/2017]

-2-

2. **Defendants.** [*Write each defendant's full name, address, and phone number.*]

Defendant 1:

Name: *Berkeley Farms Inc and Dean Foods*

Address: *25500 Clawiter RD Hayward CA 94545*

Telephone: *(510) 265 - 8600*

Defendant 2:

Name: _____

Address: _____

Telephone: _____

Defendant 3:

Name: _____

Address: _____

Telephone: _____

### JURISDICTION

[*Usually only two types of cases can be filed in federal court, cases involving "federal questions" and cases involving "diversity of citizenship." Check at least one box.*]

3. My case belongs in federal court

☑ under <u>federal question jurisdiction</u> because it is involves a federal law or right.

[*Which federal law or right is involved?*] *Labur Management Relations*

☐ under <u>diversity jurisdiction</u> because none of the plaintiffs live in the same state as any of the defendants <u>and</u> the amount of damages is more than $75,000.

COMPLAINT

PAGE ___ OF ___ [*JDC TEMPLATE – Rev. 05/2017*]

- 3 -

## VENUE

*[The counties in this District are: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo, or Sonoma. If one of the venue options below applies to your case, this District Court is the correct place to file your lawsuit. Check the box for each venue option that applies.]*

4.   Venue is appropriate in this Court because:

☒ a substantial part of the events I am suing about happened in this district.

☐ a substantial part of the property I am suing about is located in this district.

☐ I am suing the U.S. government, federal agency, or federal official in his or her

official capacity <u>and</u> I live in this district.

☐ at least one defendant is located in this District and any other defendants are

located in California.

## INTRADISTRICT ASSIGNMENT

*[This District has three divisions: (1) San Francisco/Oakland (2) San Jose; and (3) Eureka. First write in the county in which the events you are suing about happened, and then match it to the correct division. The San Francisco/Oakland division covers Alameda, Contra Costa, Marin, Napa, San Francisco, San Mateo, and Sonoma counties. The San Jose division covers Monterey, San Benito, Santa Clara, Santa Cruz counties. The Eureka division covers Del Norte, Humboldt, Lake, Mendocino counties, only if all parties consent to a magistrate judge.]*

5.   Because this lawsuit arose in _____Alameda_____ County, it should be

assigned to the _____Oakland_____ Division of this Court.

## STATEMENT OF FACTS

*[Write a short and simple description of the facts of your case. Include basic details such as <u>where</u> the events happened, <u>when</u> things happened and <u>who</u> was involved. Put each fact into a separate, numbered paragraph, starting with paragraph number 6. Use more pages as needed.]*

<u>Breach of Contract,</u>
<u>Intentional Infliction of Emotional</u>
<u>Distress, Breach of Covenant Good</u>
<u>Faith & Fair Dealings</u>
<u>Assault & Battery     Forklift Accident</u>

COMPLAINT

PAGE ___ OF ___ *[JDC TEMPLATE – Rev. 05/2017]*

-4-

## Defective Parts

Since 2011 Clinton Hendrix has been on disibility cause by Berkeley Farms. And, Now seek Special & General damages on all actions According to proof.

Both Berkeley Farms Management & Teamsters 853 will be served. Then, Teamsters will represent with Attorney.

I Must Serve both parties.

//
//

**COMPLAINT**
PAGE ___ OF ___ *[JDC TEMPLATE – Rev. 05/2017]*

## CLAIMS

### First Claim

(*Name the law or right violated*: Wrongful Termination ~~breech~~ )

(*Name the defendants who violated it*: Berkeley Farms )

[*Explain briefly here what the law is, what each defendant did to violate it, and how you were harmed. You do not need to make legal arguments. You can refer back to your statement of facts.*]

November 9, 2011 Berkeley Farms Unlawfully Terminated Clinton Hendrix because of work-related Injuries.

1) ~~Retober~~ Robbery 2nd degree
   Assault & Battery
Events witness Safety Manager & Union

2) Defective Forklift
   Moving Accident w/ Injuries

//

COMPLAINT

PAGE ___ OF ___ [JDC TEMPLATE – 05/17]

- 6 -

_____ **Claim**

1

2  (Name the law or right violated: Robbery Assault & battery

3  (Name the defendants who violated it: Peter Cheung )

4  _____

5  June 6, 2011

6

7  Clenton Hendrix Personal property

8  was giving Superintendant Peter

9  Cheung excessive force & grieve.

10  Terrorizing Clenton Hendrix in front

11  of Safety Manager, Quality Control

12  Manager, Two Supervisors, Three

13  Foremen, along with union Workers—

14  I tried to settle his grievance by

15  retrieving Personal Property &

16  placing property in locker.

17  Peter Cheung Strong Arm me

18  out my Personal Property, And,

19  waving threaten demeanor & posture

20  demonstrating strengths of

21  Martial Arts.

22  I was SCAD/Scared for

23  my life.

24  . I thought he was going

25  to beat me up.

26  All witness's Agree.

27

28

**COMPLAINT**

PAGE ___ OF ___  *[JDC TEMPLATE – 05/17]*

## DEMAND FOR RELIEF

*[State what you want the Court to do. Depending on your claims, you may ask the Court to award you money or order the defendant to do something or stop doing something. If you are asking for money, you can say how much you are asking for and why you should get that amount, or describe the different kinds of harm caused by the defendant.]*

## DEMAND FOR JURY TRIAL

*[Check this box if you want your case to be decided by a jury, instead of a judge, if allowed.]*

☐ Plaintiff demands a jury trial on all issues.

Respectfully submitted,

Date: 2/13/18   Sign Name: _____

Print Name: Clinton Hendrix

COMPLAINT

PAGE ___ OF ___ *[JDC TEMPLATE – 05/17]*

*C 18-935 Mtz*

JS-CAND 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS-CAND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
*Teamster 853*

### DEFENDANTS
*Berkeley Farms INC and Deans Foods*

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*
*Alameda*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*  *Dallas, TX*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1   U.S. Government Plaintiff
- [ ] 2   U.S. Government Defendant
- [ ] 3   Federal Question *(U.S. Government Not a Party)*
- [ ] 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*   *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC § 881 | 422 Appeal 28 USC § 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury – Product Liability | 690 Other | 423 Withdrawal 28 USC § 157 | 376 Qui Tam (31 USC § 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | **LABOR** | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | 710 Fair Labor Standards Act | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment Of Veteran's Benefits | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product Liability | [X] 720 Labor/Management Relations | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | **PERSONAL PROPERTY** | 740 Railway Labor Act | 835 Patent—Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | 370 Other Fraud | 751 Family and Medical Leave Act | 840 Trademark | 460 Deportation |
| | 350 Motor Vehicle | 371 Truth in Lending | 790 Other Labor Litigation | **SOCIAL SECURITY** | 470 Racketeer Influenced & Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | 355 Motor Vehicle Product Liability | 380 Other Personal Property Damage | 791 Employee Retirement Income Security Act | 861 HIA (1395ff) | 480 Consumer Credit |
| 160 Stockholders' Suits | 360 Other Personal Injury | 385 Property Damage Product Liability | **IMMIGRATION** | 862 Black Lung (923) | 490 Cable/Sat TV |
| 190 Other Contract | 362 Personal Injury –Medical Malpractice | | 462 Naturalization Application | 863 DIWC/DIWW (405(g)) | 850 Securities/Commodities/ Exchange |
| 195 Contract Product Liability | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 465 Other Immigration Actions | 864 SSID Title XVI | 890 Other Statutory Actions |
| 196 Franchise | 440 Other Civil Rights | **HABEAS CORPUS** | | 865 RSI (405(g)) | 891 Agricultural Acts |
| **REAL PROPERTY** | 441 Voting | 463 Alien Detainee | | **FEDERAL TAX SUITS** | 893 Environmental Matters |
| 210 Land Condemnation | 442 Employment | 510 Motions to Vacate Sentence | | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 220 Foreclosure | 443 Housing/ Accommodations | 530 General | | 871 IRS–Third Party 26 USC § 7609 | 896 Arbitration |
| 230 Rent Lease & Ejectment | 445 Amer. w/Disabilities– Employment | 535 Death Penalty | | | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 240 Torts to Land | 446 Amer. w/Disabilities–Other | **OTHER** | | | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 448 Education | 540 Mandamus & Other | | | |
| 290 All Other Real Property | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee– Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1   Original Proceeding
- [ ] 2   Removed from State Court
- [ ] 3   Remanded from Appellate Court
- [ ] 4   Reinstated or Reopened
- [ ] 5   Transferred from Another District *(specify)*
- [ ] 6   Multidistrict Litigation–Transfer
- [ ] 8   Multidistrict Litigation–Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
*Breach of Contract, Forklift Accident w/third party* ~~H~~ *HARASSMENT*

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, Fed. R. Civ. P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   [ ] Yes   [ ] No

## VIII. RELATED CASE(S), IF ANY *(See Instructions)*
JUDGE                      DOCKET NUMBER

## IX. DIVISIONAL ASSIGNMENT (Civil Local Rule 3-2)
*(Place an "X" in One Box Only)*
- [X] SAN FRANCISCO/OAKLAND
- [ ] SAN JOSE
- [ ] EUREKA-MCKINLEYVILLE

DATE                      SIGNATURE OF ATTORNEY OF RECORD

JS-CAND 44 (rev. 07/16)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-CAND 44

**Authority For Civil Cover Sheet.** The JS-CAND 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.   a)   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

    b)   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

    c)   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)."

II.   **Jurisdiction.** The basis of jurisdiction is set forth under Federal Rule of Civil Procedure 8(a), which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

    (1)   United States plaintiff. Jurisdiction based on 28 USC §§ 1345 and 1348. Suits by agencies and officers of the United States are included here.

    (2)   United States defendant. When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

    (3)   Federal question. This refers to suits under 28 USC § 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

    (4)   Diversity of citizenship. This refers to suits under 28 USC § 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.   **Residence (citizenship) of Principal Parties.** This section of the JS-CAND 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.   **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.   **Origin.** Place an "X" in one of the six boxes.

    (1)   Original Proceedings. Cases originating in the United States district courts.

    (2)   Removed from State Court. Proceedings initiated in state courts may be removed to the district courts under Title 28 USC § 1441. When the petition for removal is granted, check this box.

    (3)   Remanded from Appellate Court. Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

    (4)   Reinstated or Reopened. Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

    (5)   Transferred from Another District. For cases transferred under Title 28 USC § 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

    (6)   Multidistrict Litigation Transfer. Check this box when a multidistrict case is transferred into the district under authority of Title 28 USC § 1407. When this box is checked, do not check (5) above.

    (8)   Multidistrict Litigation Direct File. Check this box when a multidistrict litigation case is filed in the same district as the Master MDL docket.

    Please note that there is no Origin Code 7. Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI.   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC § 553. Brief Description: Unauthorized reception of cable service.

VII.   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Federal Rule of Civil Procedure 23.

    Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.

    Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   **Related Cases.** This section of the JS-CAND 44 is used to identify related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

IX.   **Divisional Assignment.** If the Nature of Suit is under Property Rights or Prisoner Petitions or the matter is a Securities Class Action, leave this section blank. For all other cases, identify the divisional venue according to Civil Local Rule 3-2: "the county in which a substantial part of the events or omissions which give rise to the claim occurred or in which a substantial part of the property that is the subject of the action is situated."

**Date and Attorney Signature.** Date and sign the civil cover sheet.

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON HENDRIX,<br><br>Plaintiff,<br><br>v.<br><br>BERKELEY FARMS INC,<br><br>Defendant. | Case No. __18-cv-00935-MEJ__<br><br>**ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES** |

IT IS HEREBY ORDERED that this action is assigned to the Honorable Maria-Elena James . When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order, the Notice of Assignment of Case to a United States Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2. Plaintiffs or removing parties must file a consent or declination to proceed before a magistrate judge within 14 days of the filing of the complaint or the removal. All other parties must file a consent or declination within 14 days of appearing in the case. All parties who have made an appearance must file a consent or declination within 7 days of the filing of a dispositive motion or the case will be reassigned to a district court judge. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

This case may fall within the Pilot Program for Initial Discovery Protocols for Employment Cases Alleging Adverse Action. See General Order 71. Parties and Counsel are directed to review General Order 71 to determine whether it applies to this case, and to comply with that General Order if applicable. Parties and Counsel should note that if General Order 71 applies, it supersedes certain obligations set out in the schedule below.

IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients

1   shall familiarize themselves with that rule and with the material entitled "Dispute Resolution

2   Procedures in the Northern District of California" on the Court ADR Internet site at

3   http://www.cand.uscourts.gov/adr.  A limited number of printed copies are available from the

4   Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

5           IT IS FURTHER ORDERED that plaintiff or removing defendant serve upon all parties

6   the brochure entitled "Consenting To A Magistrate Judge's Jurisdiction In The Northern District

7   Of California", additional copies of which can be downloaded from the court's  Internet website:

8   http://www.cand.uscourts.gov.

United States District Court
Northern District of California

2

United States District Court
Northern District of California

| CASE SCHEDULE – ADR MULTI-OPTION PROGRAM | | |
|---|---|---|
| Date | Event | Governing Rule |
| 2/13/2018 | Complaint Filed | |
| 4/26/2018 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file ADR Certification signed by Parties and Counsel (form available at http://www.cand.uscourts.gov) | Civil L.R . 16-8(b) & ADR L.R. 3-5(b) |
| | • file either Stipulation to ADR Process or Notice of Need for ADR Phone Conference http://www.adr.cand.uscourts.gov<br>(form available at http://www.cand.uscourts.gov) | Civil L.R . 16-8(c) & ADR L.R. 3-5(b) |
| 5/10/2018 | Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per Standing Order re Contents of Joint Case Management Statement<br>(also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1) Civil L.R . 16-9 |
| 5/17/2018 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) at 10:00 AM in:<br>Courtroom B, 15th Floor<br>Phillip Burton Federal Building<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 | Civil L.R . 16-10 |

* If the Initial Case Management Conference is continued, the other deadlines are continued accordingly.

3

1

2

3

4                           UNITED STATES DISTRICT COURT

5                          NORTHERN DISTRICT OF CALIFORNIA

6

7    CLINTON HENDRIX,                          Case No. <u>18-cv-00935-MEJ</u>

             Plaintiff,
8                                              **ORDER GRANTING PLAINTIFF'S**
                                               **APPLICATION TO PROCEED IN**
9        v.                                    **FORMA PAUPERIS & FOR**
                                               **REASSIGNMENT**
10   BERKELEY FARMS INC., et al.,

             Defendants.                       **REPORT & RECOMMENDATION**
11

12

13                               **INTRODUCTION**

14       On February 13, 2018, Plaintiff Clinton Hendrix filed a Complaint and an Application to

15   Proceed In Forma Pauperis.  Compl., Dkt. No. 1; Appl., Dkt. No. 3.  A district court may authorize

16   the start of a civil action in forma pauperis if the court is satisfied that the would-be plaintiff

17   cannot pay the filling fees required to pursue the lawsuit.  *See* 28 U.S.C. § 1915(a)(1).  Plaintiff

18   submitted the required documentation demonstrating he is unable to pay the costs of this action,

19   and it is evident from the Application that his assets and income are insufficient to enable him to

20   pay the fees.  *See* Appl.  Accordingly, the Court **GRANTS** Plaintiff's Application to Proceed In

21   Forma Pauperis.

22       However, as no party has consented to the jurisdiction of a United States Magistrate Judge

23   pursuant to 28 U.S.C. § 636(c), the Clerk of Court shall **REASSIGN** this case to a District Judge,

24   with the recommendation that the Complaint be **DISMISSED WITHOUT LEAVE TO**

25   **AMEND.**

26              **SUA SPONTE SCREENING UNDER 28 U.S.C. § 1915(e)(2)**

27   A.    **Legal Standard**

28       While the Court has granted Plaintiff's Application to Proceed In Forma Pauperis, it must

1    also review Plaintiff's Complaint to determine whether the action may be allowed to proceed. The

2    Court must dismiss the Complaint if it is frivolous, fails to state a claim upon which relief can be

3    granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.

4    § 1915(e)(2)(B). To make this determination, courts assess whether there is a factual and legal

5    basis for the asserted wrong, "however inartfully pleaded." *Franklin v. Murphy*, 745 F.2d 1221,

6    1227-28 (9th Cir. 1984) (quotation omitted). Pro se pleadings are liberally construed. *Erickson v.*

7    *Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Moreover, the Ninth Circuit has "repeatedly held

8    that a district court should grant leave to amend even if no request to amend the pleading was

9    made, unless it determines that the pleading could not possibly be cured by the allegation of other

10   facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Unless it is clear that no amendment

11   can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to

12   notice and an opportunity to amend before dismissal. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th

13   Cir. 1987).

14   **B.    Allegations in the Complaint**

15        Plaintiff appears to allege he is suing on behalf of Teamsters 853. Compl. at 1 (naming

16   only "Teamsters 853" as plaintiff); *id.* at 4 ("Both Berkeley Farms Management & Teamsters 853

17   will be served. Then, Teamsters will represent with Attorney. I must serve both parties."). He

18   names as Defendants in the caption Berkeley Farms Inc. and Dean Foods. Compl. at 2. He

19   alleges his case belongs in federal court because it involves the Labor Management Relations Act

20   (LMRA). *Id.*

21        In his statement of facts, Plaintiff lists the following: "Breach of contract, intentional

22   infliction of emotional distress, breach of covenant [of] good faith and fair dealing[], assault and

23   battery, forklift accident, defective parts." *Id.* at 3-4. He alleges he has been on disability since

24   2011, and that his disability was caused by Berkeley Farms. *Id.* at 4. Under a claim entitled

25   "wrongful termination," he alleges that Berkeley Farms unlawfully terminated him in November

26   2011 because of work-related injuries. *Id.* at 5. He also alleges "robbery 2nd degree, assault &

27   battery" based on "events witness[ed by] safety manager & union." *Id.* He names as a defendant

28   to the robbery, assault and battery claims Peter Chewing, who was Superintendent. Chewing used

                                          2

1   excessive force and terrorized Hendrix in front of others on June 6, 2011; he also took Hendrix's

2   personal property. *Id.* at 6. Plaintiff was scared for his life. *Id.* Plaintiff includes no further

3   allegations to describe the factual basis for his claims.

**C.   Analysis and Screening**

5       Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that the complaint set forth a

6   "short and plain statement of the claim showing the pleader is entitled to relief." Rule 8(d)(1)

7   requires that each allegation in a pleading be "simple, concise, and direct." *See McHenry v.*

8   *Renne*, 84 F.3d 1172, 1177, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was

9   "argumentative, prolix, replete with redundancy, and largely irrelevant"). In addition, the

10  complaint must include facts which are "more than labels and conclusions, and a formulaic

11  recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S.

12  554, 555 (2007). For instance, in *Ashcroft v. Iqbal*, the Supreme Court rejected conclusory

13  assertions that "petitioners 'knew of, condoned, and willfully and maliciously agreed to subject

14  [him]' to harsh conditions of confinement 'as a matter of policy, solely on the account of [his]

15  religion, race, and/or national origin and for no legitimate penological interest.'" 556 U.S. 662,

16  680 (2009). The Court reasoned that such allegations were akin to the "formulaic recitation of the

17  elements" dismissed in *Twombly*, and therefore, insufficient to meet Rule 8(a). *Id.* In doing so,

18  the Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that

19  allows the court to draw the reasonable inference that the defendant is liable for the misconduct

20  alleged." *Id.* at 678.

1.   <u>No Federal Claims Stated</u>

22      Plaintiff alleges he disputes several decisions made by his former employer, and that he

23  experienced a threatening incident at the hands of his former superintendent, but he fails to allege

24  facts sufficient to state a claim under the LMRA, 29 U.S.C. §§ 141-197; the Americans with

25  Disabilities Act (ADA), 42 U.S.C. §§ 12101 *et seq.*; or any other federal law that the undersigned

26  can discern might be involved on the basis of the allegations in the Complaint.

27      Plaintiff has not alleged any facts suggesting the existence of an LMRA claim. Though he

28  purports to sue on behalf of Teamsters 853, he does not allege he is in fact a member of that union.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Plaintiff also does not allege his employer was subject to a collective bargaining agreement, or that

2    his employer(s) violated any term(s) of a collective bargaining agreement.  He does not allege a

3    union took or failed to take any steps to represent him in connection with his termination or with

4    the superintendent, and thus does not state a claim under Section 301 of the LMRA, 29 U.S.C. §

5    185.  Furthermore, to pursue such a claim, Plaintiff must allege he exhausted his administrative

6    remedies through the union's grievance procedure (*Ortiz v. Permanente Med. Grp., Inc.*, 2013 WL

7    1748049, at *3 (N.D. Cal. Apr. 23, 2013)); he has not done so.  Plaintiff also does not allege how

8    he has standing to bring this action on behalf of Teamsters Local 853, to the extent that is what

9    Plaintiff is attempting to do.  As a pro se party, he also cannot represent the Teamsters.  *See Simon*

10   *v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("It is well established that the privilege

11   to represent oneself pro se provided by [28 U.S.C.] § 1654 is personal to the litigant and does not

12   extend to other parties or entities."); *Kendall v. United States*, 541 F. App'x 781 (9th Cir. 2013)

13   ("[N]on-attorney pro se litigants have no authority to represent anyone other than themselves.").

14         Title I of the ADA prohibits private employers from discriminating against job applicants

15   and employees based on disability.  *See* 42 U.S.C. §§ 12101 *et seq.*  Plaintiff alleges that he has

16   been on disability since 2011, but does not allege he was otherwise qualified to perform his job

17   when he was terminated, and he only conclusorily alleges that he was terminated in 2011 because

18   of his disability or because of "work-related injuries."  *See generally Nunes v. Wal-Mart Stores,*

19   *Inc.*, 164 F.3d 1243 (9th Cir. 1999).

20         Moreover, Plaintiff fails to allege he exhausted his administrative remedies with respect to

21   any ADA claim.  "The ADA requires individuals alleging employment discrimination to file a

22   claim with the Equal Employment Opportunity Commission (EEOC) before filing a lawsuit.  This

23   requirement may be fulfilled by filing a claim with a state agency that has a worksharing

24   agreement with the EEOC, which allows the state agency to be the agent of the EEOC for the

25   purpose of receiving charges."  *Johnson v. Cty. of Monterey*, 2011 WL 250429, at *3 (N.D. Cal.

26   Jan. 26, 2011) (internal quotation marks and citations omitted).  An ADA claim must be filed with

27   the EEOC (or the worksharing state agency) within 180 days of the last act of alleged

28   discrimination.  *See Sheck v. Cal. Nurses Ass'n & Healthcare Empls. Union*, 2010 WL 3835728,

4

1   at *2 (N.D. Cal. Sept. 28, 2010).  A Plaintiff may file an ADA lawsuit within 90 days of receiving

2   a right-to-sue letter from the EEOC or a state agency that has a worksharing agreement with the

3   EEOC.  *See Johnson*, 2011 WL 250429, at *3.

4        2.    <u>No State Law Claims Stated</u>

5        Each of Plaintiff's state-law claims is based on events occurring in 2011 and is time

6   barred.  *See* Cal. Civ. Proc. Code § 335.1 (two-year statute of limitation for actions for assault,

7   battery, or personal injury), § 337 (four-year statute of limitation for actions upon written

8   contract), § 339 (two-year statute of limitation for action based on oral contract), § 343 (where the

9   Code does not specify a statute for a specific claim, four-year statute of limitation will apply).

10       3.    <u>No Claims Stated Against Dean Foods</u>

11       Plaintiff does not allege any facts pertaining to Dean Foods, does not name Chewing as a

12  defendant, does not identify Chewing's employer, and does not allege how either of the named

13  Defendants is liable for Chewing's actions.  Based on pleadings filed in other actions (*see infra*), it

14  appears Plaintiff has named Dean Foods as a defendant because it is Berkeley Farms' parent

15  company.

16       4.    <u>Res Judicata</u>

17       Plaintiff previously sued Berkeley Farms and Dean Foods.  *See Hendrix v. Berkeley*

18  *Farms*, Case No. 14-cv-3659 VC (*Hendrix I*).[1]  Plaintiff alleged that Dean Foods was Berkeley

19  Farms' parent company and combined them as defendants.  *Hendrix I* Compl. at 1, *Hendrix I* Dkt.

20  No. 1; *see also* Disclosure Stmt., Dkt. No. 1-3 ("[D]efendant Berkeley Farms, LLC certifies that

21  Dean Holding Company is the ultimate parent corporation of Berkeley Farms, LLC").  There is no

22  indication Plaintiff served Dean Foods in that case.  In *Hendrix I*, Plaintiff alleged he had filed

23  grievances with the HR Manager at Berkeley Farms against his supervisor, Peter Cheung.

24  *Hendrix I* Compl.  One grievance was about an unsafe forklift, another was for being harassed by

---

25

26  [1] On July 17, 2015, Plaintiff also filed another case against Berkeley Farms: *Hendrix v. Berkeley*
    *Farms*, Case No. 15-cv-3329 KAW (*Hendrix II*).  The Complaint in *Hendrix II* includes more
27  detailed allegations regarding some of the same events that appear to be at issue in this action; it
    also attaches the Right to Sue Notice the EEOC sent Plaintiff on August 6, 2012.  Plaintiff
28  voluntarily dismissed that action.  *See* Case No. 15-cv-3329, Dkt. No. 1 (Compl.); Dkt. No. 5
    (Voluntary Dismissal).

1   Cheung to the point that Plaintiff was forced to resign under protest. Plaintiff alleged Cheung's

2   harassment and threatening behavior caused Plaintiff emotion distress, which required him to seek

3   medical help and take Family Medical Leave. Plaintiff alleged Berkeley Farms' subsequent

4   termination of Plaintiff violated his employment contract. He asserted claims for breach of

5   contract, intentional infliction of emotional distress, and breach of the covenant of good faith and

6   fair dealing. Plaintiff received a right to sue letter from the California Department of Fair

7   Employment and Housing on or about November 5, 2013. *Id.* at Ex. A.

8         Berkeley Farms LLC removed *Hendrix I* to this Court on August 13, 2014, on the ground

9   that Section 301 of the LMRA preempted Plaintiff's state law claims. Not. of Removal, *Hendrix I*

10  Dkt. No. 1. Berkeley Farms moved to dismiss Plaintiff's complaint in *Hendrix I* on numerous

11  grounds. In relevant part, Defendant argued Plaintiff's intentional infliction of emotion distress

12  and breach of the covenant of good faith and fair dealing claims were barred by the two-year

13  statute of limitations applicable to personal injury claims; that his wrongful termination claims

14  were preempted by Section 301 of the LMRA because deciding these claims would require the

15  court to interpret the collective bargaining agreement in place; and that he had not alleged the

16  union breached its duty of fair representation and any such claim was barred by the applicable 6

17  month statute of limitations. *See* Mot. to Dismiss, *Hendrix I* Dkt. No. 10-1.

18        When Plaintiff failed to respond to the motion to dismiss, failed to respond to an order to

19  show cause, and failed to appear at the hearing on the motion to dismiss, the District Judge

20  dismissed his case with prejudice. Order of Dismissal, *Hendrix I* Dkt. No. 15. Judge Chhabria

21  subsequently denied Plaintiff's motion to remand (Dkt. Nos. 18-19), and his motion to reopen the

22  case (Dkt. Nos. 20-21).

23        "Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any

24  claims that were raised or could have been raised in the prior action." *Western Radio Servs. Co. v.*

25  *Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997). The doctrine is applicable whenever there is "(1)

26  an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between

27  parties." *Id.* The claims Plaintiff asserted in *Hendrix I* are identical to the claims he asserts here:

28  breach of contract and breach of the covenant of good faith and fair dealing based upon Plaintiff's

United States District Court
Northern District of California

6

1  termination, and intentional infliction of emotional distress based on Chewing's assault and

2  battery, the forklift accident, and defective forklift parts.  Judge Chhabria's dismissal with

3  prejudice for failure to prosecute is an adjudication upon the merits for the purposes of res

4  judicata. *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001)

5  (dismissal with prejudice based upon failure to prosecute "[u]nless otherwise specified . . .

6  'operates as an adjudication upon the merits'" (quoting Fed. R. Civ. P. 41(b))).  There is identity

7  between the parties: Plaintiff and Berkeley Farms were parties in both actions.  Accordingly,

8  Plaintiff's claims against Berkeley Farms in this action are barred by res judicata because he either

9  previously brought them or could have brought them in *Hendrix I*.

10       5.    Summary

11       Based on the foregoing analysis, the undersigned RECOMMENDS dismissing the

12  Complaint.  The Ninth Circuit has adopted a liberal standard for granting pro se plaintiffs leave to

13  amend; however, leave to amend need not be granted where it would constitute an exercise in

14  futility. *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994); *see also Rosati v.*

15  *Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se

16  complaint without leave to amend unless it is absolutely clear that the deficiencies of the

17  complaint could not be cured by amendment." (internal quotation marks and citation omitted)).

18  Because the state-law claims Plaintiff asserts in the Complaint are time-barred and because any

19  claims against Berkeley Farms relating to the termination of his employment or the incident(s)

20  with Chewing are barred by res judicata, the undersigned further recommends that the dismissal be

21  without leave to amend.

22                              **CONCLUSION**

23       Based on the analysis above, the Court **GRANTS** the Application to Proceed In Forma

24  Pauperis.  As Plaintiff did not yet consent to the jurisdiction of a United States Magistrate Judge

25  pursuant to 28 U.S.C. § 636(c), the Clerk of Court shall **REASSIGN** this case to a District Judge,

26  with the recommendation that the Complaint be **DISMISSED WITHOUT LEAVE TO**

27  **AMEND.**

28

United States District Court
Northern District of California

1    Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file objections to

2  this Report and Recommendation within 14 days after being served.

3

4  Dated: February 22, 2018

5    _____

6    MARIA-ELENA JAMES
     United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

CLINTON HENDRIX,

    Plaintiff,

    v.

BERKELEY FARMS INC., et al.,

    Defendants.

Case No. 18-cv-00935-MEJ   (INT)

**ORDER REASSIGNING CASE**

GOOD CAUSE APPEARING THEREFORE,

IT IS ORDERED that this case is reassigned to the Honorable Haywood S. Gilliam, Jr. in the Oakland division for all further proceedings. Counsel are instructed that all future filings shall bear the initials HSG immediately after the case number.

All hearing and trial dates presently scheduled are vacated. However, existing briefing schedules for motions remain unchanged. Motions must be renoticed for hearing before the judge to whom the case has been reassigned, but the renoticing of the hearing does not affect the prior briefing schedule. Other deadlines such as those for ADR compliance and discovery cutoff also remain unchanged.

Dated: February 23, 2018

FOR THE EXECUTIVE COMMITTEE

*Susan Y. Soong*

Susan Y. Soong
Clerk, United States District Court

A true and correct copy of this order has been served by mail upon any pro se parties.

1
2
3
4                    UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6

7    CLINTON HENDRIX,                    Case No.  18-cv-00935-HSG

              Plaintiff,
8
                                         **CLERK'S NOTICE SETTING A CASE**
9        v.                              **MANAGEMENT CONFERENCE**

10   BERKELEY FARMS INC., et al.,

              Defendants.
11

12

13        Notice is hereby given that a Case Management Conference has been set for May 22, 2018,

14   before Judge Haywood S. Gilliam, Jr., at 2:00 p.m., in Courtroom 2, 4th Floor, 1301 Clay Street,

15   Oakland, CA.  Case Management Statement due by May 15, 2018.  Standing orders can be

16   downloaded from the court's web page at www.cand.uscourts.gov/judges.

17   Dated: 2/26/2018

18                                       Susan Y. Soong
                                         Clerk, United States District Court
19

20                                       By: _____
                                         Nikki D. Riley, Deputy Clerk to the
21                                       Honorable HAYWOOD S. GILLIAM, JR.

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

2

3

4               UNITED STATES DISTRICT COURT

5             NORTHERN DISTRICT OF CALIFORNIA

6

7   CLINTON HENDRIX,                          Case No.  18-cv-00935-HSG
              Plaintiff,
8
                                              **CERTIFICATE OF SERVICE**
9        v.

    BERKELEY FARMS INC., et al.,
10
              Defendants.
11

12        I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S.

13  District Court, Northern District of California.

14        That on February 26, 2018, I SERVED a true and correct copy(ies) of the attached, by

15  placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by

16  depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery

17  receptacle located in the Clerk's office.

18

19  Clinton  Hendrix
    23 Park Circle
20  Sausalito, CA 94965

21

22  Dated: February 26, 2018

23

24                                  Susan Y. Soong
                                    Clerk, United States District Court
25

26

27  By:_____
    Nikki D. Riley, Deputy Clerk to the
28  Honorable HAYWOOD S. GILLIAM, JR.

2

1
2
3
4                    UNITED STATES DISTRICT COURT
5                  NORTHERN DISTRICT OF CALIFORNIA
6
7    CLINTON HENDRIX,                        Case No. 18-cv-00935-HSG

              Plaintiff,                     **ORDER ADOPTING MAGISTRATE**
8                                            **JUDGE'S REPORT AND**
       v.                                    **RECOMMENDATION REGARDING**
9                                            **DISMISSAL**
     BERKELEY FARMS INC., et al.,
10                                           Re: Dkt. No. 4
              Defendants.
11
12
13        The Court has reviewed Magistrate Judge James' Report and Recommendation Re
14   Dismissal.  The time for objections has passed and none were filed.  The Court finds the Report
15   correct, well-reasoned and thorough, and adopts it in every respect.  Accordingly,
16        IT IS HEREBY ORDERED that this case is dismissed without leave to amend.  The Clerk
17   is directed to close the file.
18        **IT IS SO ORDERED.**
19   Dated: March 9, 2018
20
21                                           HAYWOOD S. GILLIAM, JR.
22                                           United States District Judge
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CLINTON HENDRIX,

               Plaintiff,

      v.

BERKELEY FARMS INC., et al.,

               Defendants.

Case No.18-cv-00935-HSG

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 3/12/2018, I SERVED a true and correct copy(ies) of the **ORDER (Docket No. 8),** by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Clinton  Hendrix
23 Park Circle
Sausalito, CA 94965

Dated: 3/12/2018

Susan Y. Soong
Clerk, United States District Court

By:
Nikki D. Riley, Deputy Clerk to the
Honorable HAYWOOD S. GILLIAM, JR.

Exhibit C

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*
**ENDORSED**
**FILED**
**ALAMEDA COUNTY**

MAR 05 2018

CLERK OF THE SUPERIOR COURT
By _____ TANIA PIERCE Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):* and
BERKELEY FARMS INC. DEAN FOODS INC., TEAMSTERS 853
and Does 1 to 100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CLINTON HENDRIX

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* SUPERIOR COURT OF ALAMEDA<br>1225 FALLON STREET, OAKLAND, CA 94612 | CASE NUMBER:<br>*(Número del Caso):*<br>Rg18895498 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
CLINTON HENDRIX 23 PARK CIRCLE, SAUSALITO, CA 94965

| DATE: MAR - 6 2018 Chad Finke<br>*(Fecha)* | Clerk, by TANIA PIERCE<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Berkeley Farms, Inc.

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
**SUMMONS**
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

ENDORSED
FILED
ALAMEDA COUNTY

MAR 05 2018

CLERK OF THE SUPERIOR COURT
By _____
                    Deputy
TANIA PIERCE

1

2

3

4   Attorney for Defendants

5

6

7

8                  SUPERIOR COURTOF THE STATE OF CALIFORNIA

9                         COUNTY OF ALAMEDA

10                         Unlimited Jurisdiction

11   CLINTON HENDRIX              Case No          RG18895498

12        Plaintiff

13                              Complaint for unlawful termination in
                                violation of contract, harassment and
14        v                     infliction of emotional distress
     BERKELEY FARMS INC
15   And DEAN FOODS INC.,        Forklift Accident
     Teamsters 853 and Does 1-10
16        Defendants

17

18                         RIGHT TO SUE LETTER

19   On November 5, 2013, The State of California, Department of Fair Employment &

20   Housing issued it's final Right to sue letter.  See attached **Exhibit A**. Which is a true and

21   correct copy of the Right to Sue Letter.

22   Comes now Plaintiff Clinton Hendrix hereinafter, Plaintiff, with a civil complaint against

23   Berkeley Farms. Berkeley Farms is a corporation doing business in the State of California

24   County of Alameda with address at 25500 Clawiter Rd, Hayward CA94545. Dean Foods

25   Inc is Berkeley Farms parent company based on the paychecks received by Plaintiff in the

26   past. Herein after Berkeley Farms and Dean Foods Inc are combined as Defendants.

27   Therefore, venue is Alameda County Superior Court. The Does 1-100 are sued as

28   Complaint for unlawful termination
     in violation of contract, harassment and infliction of
     emotional distress

1  fictional entities, and when and if true names of persons or corporations are discovered

2  those names will be substituted for the Does.

3                     FACTS COMMON TO ALL CAUSES OF ACTION

4  1. Clinton Hendrix, hereinafter Plaintiff, had previously a grievance against Supervisor

5  Peter Cheung a supervisor with Berkeley Farms.  Plaintiff had previously filed two

6  grievances with the  Human Resources Manager at Berkeley Farms.  One grievance was

7  about an unsafe  forklift incident in where the forklift lost its counterweight, something

8  the plant manager and the safety-manager blamed in part on Plaintiff. Plaintiff had prior

9  to the incident always operated the forklift in a safe and efficient manner.  Plaintiff

10  maintains that management unjustifiably blamed Plaintiff on something that was out of

11  his control. The bolts holding the counterweight broke and caused Plaintiff to have a

12  moving accident.  The incident created in Plaintiff stress and anxiety.  Into this situation

13  and after Plaintiff was further harassed by Supervisor Chung, a severe anxiety developed

14  in Plaintiff.

15  2.  1) Plaintiff filed a grievance in writing in where he stated, that he was harassed by a

16  supervisors at Berkeley Farms.  One allegation was that Plaintiff operated a fork-lift in an

17  unsafe manner, something in which Plaintiff denies; and another statement by Plaintiff

18  was one of harassment against Supervisor Peter Cheung in which eventually forced

19  Plaintiff to resign under protest by calling over the phone in frustation and stating "I.

20  Quit".

21  3.  None of these written complaints of harassment were addressed by Berkeley Farms in

22  compliance with Article 26 of the  Corporation's  employment agreement to with "

23  Settlement of Disputes."  As part of the harassment Peter Cheung had lifted his arm in a

24  threatening manner such that Mr. Hendrix felt threatened by Mr. Cheung's demeanor,

25  posture and verbalization.

26  4.  The anxiety inflicted on Plaintiff by a  Berkeley Farms Supervisor's behavior over the

27  alleged forklift incident and over the threatening behavior by supervisor Cheung required

28  Complaint for unlawful termination
    in violation of contract, harassment and infliction of
    emotional distress                                          2

1  Mr. Hendrix to seek medical help and take Family Medical leave.

2  5.  In fact Berkeley Farm knew that Mr. Hendrix was in need of professional counseling

3  based on the anxiety caused by Peter Cheung and managements in their handling of the

4  forklift incident and harrassment.  See attached **Exhibit B** which is a true and correct

5  copy of a document received by Plaintiff prior to his termination.

6  6.  Berkeley Farms claims That Mr. Hendrix called and said "I quit".

7  7.  Nobody denies that Plaintiff showed up to work the very next day and clocked in as

8  normal and went to work.  In fact, he showed the whole world by his action that he had

9  not quit when he called in and stated "I quit" over the phone.  Plaintiff was clearly

10  venting his frustration, but by his act and actions, he clearly showed he had not quit by

11  clocking in and starting to work.

12  8.  Berkeley Farms never followed Article 26 of its "Settlement of Disputes", but merely

13  terminated Mr. Hendrix in a manner not consistent with its own employment agreement.

14                     First cause of Action

15                 (Breach of Employment Contract)

16  9. The allegations set forth in Paragraphs 1 through 9 are re-alleged and incorporated

17  herein by reference.

18  10 Stated in Article 26 of the "employment agreement" an employee can expect

19  grievances to be handled in a fair an equitable manner.

20                 ARTICLE 26, SETTLEMENT OF DISPUTES

21  11. "Section 1. Step 1 - All grievances of employees and disputes relating to the

22  application, and enforcement of this Agreement, shall be referred initially by the

23  employee and or shop steward to the employees' immediate supervisor or manager."

24  12, "Step 2 - if after five (5)business days the matter is not settled under the foregoing

25  procedure, the matter shall be referred in writing by the employee and or shop steward to

26  the Plant Manager, or Distribution Manager and the Human Resource Manager. The

27  written referral to Step 2 shall state the nature of the dispute and the remedy sought using

28  Complaint for unlawful termination
   in violation of contract, harassment and infliction of
   emotional distress                                    3

1 the agreed upon form with copies served on the parties involved. Grievances filed under

2 Article 5 shall be filed at Step 2. The Union may be represented by any of its officers,

3 agents or other authorized persons, and the employer may be represented by its

4 management personnel or other persons. The Step 2 grievance meeting shall be held

5 within five (5) days of written notice of the referral, unless mutually agreed otherwise.

6 Every effort shall be made to resolve differences at this level. Within five (5) days after

7 the Step 2 grievance meeting the responding party shall serve the grieving party with a

8 written response to the grievance, and if denied, setting forth the reasons."

9 13. "Section 2. In the event grievances or disputes are not settled within five (5) days

10 under the foregoing procedure, the matter may be referred to a Board of Adjustment. All

11 such unresolved issues shall be in writing with copies to be served on the parties

12 involved. The Union may be represented by any of its officers, agents or other authorized

13 persons, and the Employer may be represented by its management personnel or other

14 authorized persons. Every effort shall be made to resolve differences at this level.

15 Section 3. The Board of Adjustment shall be composed of two (2) representatives of the

16 Company and two (2) representatives of the Union. No such representative shall be a

17 direct employee of the Company or of the Union involved in the dispute. A Chairman and

18 Secretary shall be designated from among the panel."

19 ///

20 14.     During the entire course of plaintiff's employment with defendants, there existed an

21 express and implied-in-fact employment contract between plaintiff and defendants that, at

22 the time of plaintiff's discharge, included but was not limited to, the following terms and

23 conditions:

24 A. Plaintiff would be able to continue his employment with defendant indefinitely as long

25 as he carried out his duties in a proper and competent manner and paid his union dues;

26 B. Plaintiff would not be demoted, discharged, or otherwise disciplined, nor would

27 plaintiff's job functions be reassigned for other than good cause ........".

28 Complaint for unlawful termination
in violation of contract, harassment and infliction of
emotional distress

4

15. The alleged unsafe forklift operation should have resulted in retraining in company adopted safe practices and not leave Plaintiff with stress and anxiety. Improper forklift procedure if at all, should not have resulted in termination, but in retraining. The forklift "Counterweight" falling off shows unsafe equipment and not the ultimate responsibility of Plaintiff. It may be of note that Plaintiff has operated forklifts at Berkeley Farms for several yeas without incidents.

16. This employment contract was evidenced by various written documents, commendations, oral representations to plaintiff by defendants' agents and employees, and the parties' entire course of conduct, including the following as evidence by the employment handbook and Article 26 which Heading is "settlement of disputes".

17. A.    Defendants' written personnel policies and discipline procedures are as stated in Article 26 Settlement of Disputes; and should thus have been followed.

18. B.    The existence of an established policy with the defendant company, which was known to and relied on by plaintiff, that an employee such as plaintiff, who had performed service for Berkeley Farms for six years as a good and faithful employee, would have secure employment with defendants; that an employee such as plaintiff would not be discharged without good and sufficient cause and be afforded retraining and counseling when needed; that an employee such as plaintiff with a grievance or complaint lodged against him, would be provided a meaningful opportunity to respond and improve; and that an employee such as plaintiff would not be demoted, discharged, or disciplined without good and sufficient cause and would not otherwise have his job functions taken away or reassigned.

19. C.    Throughout his employment, plaintiff was told by his superiors, that he was doing a satisfactory job except by Supervisor Peter Cheung. Plaintiff worked there for six years until Supervisor Cheung gave Plaintiff grief.

20.    As a result of the above representations, plaintiff came reasonably to expect and to rely on the promise of job security and good and fair treatment. Such statements and acts

Complaint for unlawful termination
in violation of contract, harassment and infliction of
emotional distress                                          5

1  by defendants communicated to plaintiff the idea that he had performed satisfactorily
2  until his interaction with Supervisor Cheung which cost Plaintiff great anxiety and need
3  of medical counseling.  Plaintiff in good faith relied on these representations of good and
4  fair treatment and believed them to be true.

5  21.     Plaintiff's reliance on, belief in, and acceptance in good faith of all the assurances,
6  promises, and representations as listed in the preceding paragraphs led him to believe that
7  his employment was secure and that there existed a contract of continuous employment
8  with defendants. As independent consideration, in addition to performing his regular
9  duties as an employee of defendant, plaintiff refrained from seeking other employment
10  and pursuing other career opportunities while he was able to be re-trained without
11  suffering from the stress and anxiety and there was still a need of his skills.

12  22..   Plaintiff understood and duly performed all conditions of the contract to be
13  performed by him.

14  23.     Plaintiff has at all times been ready, willing, and able to perform and has offered
15  to perform all the conditions of this contract to be performed by him.

16  27.     Despite the representations made to Plaintiff and the reliance Plaintiff placed on
17  them, Defendants failed to carry out their responsibilities under the terms of the
18  employment contract and breached the contract in the following ways:
19  By not following the Union Grievance Procedures and The employment Handbook.
20  Plaintiff should have received counseling as the stress created in Plaintiff were in fact
21  caused directly and indirectly by Defendants.  Plaintiff should have been given any
22  necessary  forklift retraining to company standards if management decided that was
23  necessary.  The failure of  Defendants to make Plaintiff understand that the
24  "Counterweight" incident was beyond Plaintiff's control would have alleviated some
25  anxiety and stress.

26  ///
27  ///
28
    Complaint for unlawful termination
    in violation of contract, harassment and infliction of
    emotional distress                                                    6

1   The company and Defendants failed by:

2   28.   A.   Subjecting plaintiff to different standards from those set for other employees;

3   29.   B. Terminating plaintiff's employment without cause and for reasons that have

4   nothing to do with legitimate business justification, despite the past (Six Years)

5   satisfactory job performance.

6   30.   C Failing to follow their own written personnel policies or to apply the same

7   personnel policies to plaintiff that they apply to other employees.

8   31.   D. Failing and refusing to place plaintiff in alternative positions while he had stress

9   and counseling issues that were available and for which plaintiff was qualified.

10   32.   As a proximate result of defendants' breach, plaintiff has suffered and continues to

11   suffer substantial losses in earnings, bonuses, and other employment benefits that he

12   would have received had defendants not breached said agreement, including but not

13   limited to expenses incurred in obtaining substitute employment, all to his damage in an

14   amount according to proof.

15

16                     SECOND CAUSE OF ACTION

17                     (Intentional Infliction of Emotional Distress)

18   33. The allegations set forth in Paragraphs 1 through 32 are re-alleged and incorporated

19   herein by reference.

20   34.   Defendants knew of Plaintiff's fragile emotional state based on the harassment and

21   the forklift incident.

22   35.   Defendants through their management and supervisors showed a callous disregard

23   for Plaintiff's emotional state and intentionally inflicted anxiety on Plaintiff.

24   Wherefore Plaintiff prays for Judgment as stated below.

25

26   ///

27   ///

28   Complaint for unlawful termination
     in violation of contract, harassment and infliction of
     emotional distress                              7

## THIRD CAUSE OF ACTION

### (Breach of the Covenant of Good Faith and Fair Dealing)

36. The allegations set forth in Paragraphs 1 through 35 are re-alleged and incorporated herein by reference.

37. Plaintiff's employment agreement with defendants contained an implied covenant of good faith and fair dealing by which defendants, and each of them, promised to give full cooperation to plaintiff in his employment performance and to refrain from doing any act that would prevent or impede plaintiff from performing all conditions of his employment or any act that would prevent or impede plaintiff's enjoyment of the fruits of his employment. Specifically, the covenant of good faith and fair dealing required defendants to fairly, honestly, and reasonably perform the terms and conditions of the employment agreement.

38. Plaintiff, as an individual employee, was in an inherently unequal bargaining position in his dealings with Defendants. In addition, Plaintiff entrusted his entire livelihood to Defendants' willingness to perform their obligations under the terms of employment, and he suffering grate harm;. Defendants were aware of plaintiff's vulnerability in the regard and need of medical counseling due to the anxiety brought on by management and Supervisor Chung.

39. Defendants' termination of plaintiff's employment was wrongful, in bad faith, arbitrary, and unfair, and done to frustrate his enjoyment of the contract's actual benefits, in breach of said covenant, in that plaintiff was terminated on the pretext that just cause exited to discharge him, when defendants knew that there was no just cause. Plaintiff had not quit. Plaintiff was discharged for reasons extraneous to the employment agreement, without good or sufficient cause, in violation of defendants' policy to deal consistently and fairly with its employees, and for the purpose of frustrating plaintiff's enjoyment of the benefits of his employment with Defendants. Further, Defendants breached the

Complaint for unlawful termination
in violation of contract, harassment and infliction of
emotional distress                                          8

Verification

I Clinton Hendrix having reviewed the facts as stated in this complaint find them true and correct to the best of my memory and recollection. Under plenty of perjury under the laws of the State of California I affirm the facts true and correct to the best of my recollection and memory.

Date: _7/20/18_                         By: _Clinton Hendrix_

Clinton Hendrix

Complaint for unlawful termination
in violation of contract, harassment and infliction of
emotional distress                                        10

1  covenant by:

2  40.   A. Subjecting plaintiff to different standards from those expected of employees;

3  41.  B. Terminating plaintiff's employment without cause and for reasons that have
nothing to do with legitimate business justification, despite satisfactory job performance.

4
42.   C. Failing to follow their written personnel policies or to apply the same personnel
5  policies to plaintiff that it applies to other employees.

6  43.   D. Failing and refusing to place plaintiff in alternative positions that were available
and for which plaintiff was qualified.

7

8

9                                   PRAYER FOR RELIEF

10  WHEREFORE, plaintiff prays for judgement against defendants as follows:

11  (1) To be reinstated with back-pay and seniority

12  (2) For compensatory damages including lost wages, lost employee benefits, bonuses,

13  vacation benefits, and other special and general damages according to proof on each

14  cause of action;

15  (3) For mental and emotional distress on the First and Second Cause of Action;

16  (4) For punitive damages on the First and Second Cause of Action;

17  (5) For an award of attorney fees on the First and Second Cause of Action;

18  (6) For an award of interest, including pre-judgment interest, at the legal rate;

19  (8) For an award to plaintiff of the costs of suit incurred herein on all causes of action;

20  and

21  (9) For such other and further relief as this court deems just and proper.

22

23

24  2/20/18 —                                   By

25

26                                   Attorney for Plaintiff

27

28
Complaint for unlawful termination
in violation of contract, harassment and infliction of
emotional distress                                   9